PER CURIAM.
Defendant appeals from his conviction for receiving stolen property assigning as error the fact that, although properly and timely requested, the trial judge failed to charge the jury on the lesser included offense of attempted receiving of stolen property.
Since Brown v. State, Fla. 1968, 206 So.2d 377, it is clear that instructions to the jury on lesser included offenses must be given even though it is the opinion of the trial judge that the proofs clearly establish the major crime charged. See also CPR 3.510, 33 F.S.A., which requires the judge to give such instruction. An attempt, under F.S. § 776.04, F.S.A., must be classified as a lesser included offense of the crime charged if the crime charged is an offense prohibited by law. See Brown v. State, supra, at 381. Since the receipt of stolen property is prohibited by F.S. § 811.16, F.S.A., it follows that an attempt to receive stolen property is likewise a punishable offense. See 76 C.J.S. Receiving Stolen Goods § 12.
*693 Therefore, the trial judge erred in not giving the requested instruction. Accordingly, the judgment is reversed and the cause remanded for a new trial.
REED, C. J., MAGER, J., and WEHLE, VICTOR O., Associate Judge, concur.