287 So.2d 138 (1973)
Johnny Lee WARD, Appellant,
v.
STATE of Florida, Appellee.
No. 72-465.
District Court of Appeal of Florida, Fourth District.
December 21, 1973.
Richard L. Jorandby, Public Defender, and Bruce J. Daniels, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., Tallahassee, for appellee.
DOWNEY, Judge.
Appellant was charged with breaking and entering a dwelling with intent to commit a felony. At the close of the state's case the appellant moved the court to reduce the charge to breaking and entering a dwelling with intent to commit a misdemeanor. The court granted the motion. Thereafter the jury found the appellant guilty of breaking and entering a dwelling with intent to commit a misdemeanor.
*139 The sole question on appeal is whether it was harmful error for the court to refuse appellant's request, made during the charge conference, for the court to instruct the jury that it might find appellant guilty of an attempt to break and enter a dwelling with intent to commit a misdemeanor. The court based its refusal to give the requested instruction on attempt on the ground that the evidence showed appellant either broke and entered or entered without breaking or did nothing, since the defense appellant relied on was alibi. Under the evidence in this case one can not argue with the trial judge's logic that appellant either broke and entered, entered without breaking, or did nothing. However, logical or not, the mandate contained in Rule 3.510, FRCrP, 33 F.S.A., is that the court must charge on an attempt to commit a crime if such attempt is also an offense. Anomalous as it seems, it makes no difference that the proof established the greater crime charged, Brown v. State, Fla. 1968, 206 So.2d 377, Lewis v. State, Fla.App. 1972, 269 So.2d 692, or that failure to reach fruition is of the essence of an attempt to commit a crime. So until the rule is changed by the court of last resort, like it or not, we are all obliged to follow it.
Next we consider whether the harmless error statute, § 924.33, F.S. 1971, F.S.A., is applicable here. The main charge upon which the case went to the jury was breaking and entering a dwelling with intent to commit a misdemeanor, a third-degree felony. See § 810.05 F.S. 1971, F.S.A. Section 776.04, F.S. 1971, F.S.A., provides that whoever attempts to commit an offense prohibited by law, which offense is a third-degree felony, shall be guilty of a misdemeanor. Thus, if the jury had been properly instructed on attempts, it could have found appellant guilty of a misdemeanor. Without such an instruction the jury was not afforded that opportunity, and it can hardly be said such an omission, from appellant's standpoint, is harmless. Although there was ample evidence upon which the jury could properly have returned the verdict it did return, in view of the foregoing observations, and after an examination of the appeal papers, we conclude the error was harmful. Cf. Birge v. State, Fla. 1957, 92 So.2d 819.
The judgment and sentence is reversed and the cause remanded for a new trial.
WALDEN and MAGER, JJ., concur.