299 So.2d 126 (1974)
Wilson BRACY, Appellant,
v.
STATE of Florida, Appellee.
No. 73-965.
District Court of Appeal of Florida, Fourth District.
August 30, 1974.
Richard L. Jorandby, Public Defender, and Richard S. Power, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen. Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
CROSS, Judge.
Appellant-defendant, Wilson O. Bracy, appeals a judgment adjudicating him guilty of robbery and first degree murder. We reverse.
Wilson O. Bracy was charged by an amended information for the robbery and murder of one Thomas Huggins which occurred on August 21, 1972. Bracy was tried and convicted by jury on both counts of the amended information and subsequently adjudged guilty by the trial court. Hence this appeal.
The primary question for our determination on this appeal is whether the trial court erred in refusing the defendant's request for the court to instruct the jury on attempted murder, attempted robbery and assault with the intent to commit murder.
Rule 3.510 Fla.RCrP (1973) provides:
"Upon an indictment or information upon which the defendant is to be tried for any offense, the jurors may convict the defendant of an attempt to commit such offense if such attempt is an offense, or may convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard."
It is apparent that in every criminal case it is mandatory for the trial court to instruct the jury on an attempt to commit the offense charged if such attempt is an offense, and on all offenses necessarily included within the offense charged. Such instructions must be given even though it is the opinion of the trial court that the proofs clearly establish the crime charged. Brown v. State, 206 So.2d 377 (Fla. 1968); Lewis v. State, 269 So.2d 692 (Fla.App. 1972); Henry v. State, 277 So.2d 78 (Fla. *127 App. 1973); Ward v. State, 287 So.2d 138 (Fla.App. 1973); McClam v. State, 288 So.2d 285 (Fla.App. 1974).
In the instant case, at conclusion of the presentation of evidence the defendant requested the trial court in writing to instruct the jury on attempted robbery, attempted murder and assault with intent to commit murder. The trial court commented that the evidence clearly established robbery and murder, and declined to give such instructions. We conclude that the refusal to give the requested instructions was error.
Accordingly, the judgment is reversed and the cause remanded for a new trial.
Reversed and remanded.
WALDEN and MAGER, JJ., concur.