329 So.2d 30 (1976)
William R. MINOR, Appellant,
v.
STATE of Florida, Appellee.
No. 75-371.
District Court of Appeal of Florida, Second District.
March 24, 1976.
Jack O. Johnson, Public Defender, Bartow, and Douglas A. Wallace, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant was charged with entering without breaking a dwelling house with intent to commit a misdemeanor, to wit: assault. The court instructed the jury that they might find appellant guilty of either entering without breaking or trespass after warning. The jury returned a verdict finding appellant guilty of trespass after warning as proscribed by Fla. Stat. § 821.01 *31 (1973). Judgment and sentence were entered accordingly.
With respect to the crime of entering without breaking, the crime of trespass after warning is a lesser included offense of the type described as category (4) in Brown v. State, Fla. 1968, 206 So.2d 377. Trespass after warning may or may not be included in the crime of entering without breaking "depending upon the particular allegations of the accusatory pleading and the proofs tendered in support thereof." Brown v. State, supra.
In State v. Anderson, Fla. 1972, 270 So.2d 353, the Supreme Court rejected the notion that a category (4) offense encompasses lesser offenses within the general scope of the charge made. The court noted that an instruction on a category (4) lesser offense was not appropriate unless the accusatory pleading alleges all of the essential elements of the lesser offense.
In the instant case, assuming that the state proved all the elements of the crime of trespass after warning, the essential element of warning was not alleged in the information. Hence, trespass after warning did not qualify as a lesser offense within category (4). In Evanco v. State, Fla.App.1st, 1975, 318 So.2d 535, the court reached a similar conclusion when it reversed a conviction for trespass after warning on an information charging breaking and entering with intent to commit a misdemeanor, to wit: petit larceny.
The state's primary argument in this case centers on the fact that no objection was made to the state's requested instruction on trespass after warning. A similar contention has been rejected in three recent cases. Haley v. State, Fla. App.2d, 1975, 315 So.2d 525; O'Neal v. State, Fla.App.2d, 1975, 308 So.2d 569 (overruled on other grounds); Priester v. State, Fla.App.4th, 1974, 294 So.2d 421. Thus, in Haley v. State, supra, this court said:
"The State argues that appellants waived this issue because the record fails to reveal a timely objection to the jury instructions. This case does not merely involve erroneous instructions. The defendants were convicted of a crime not charged in the informations. This is fundamental error... ."
The judgment is reversed with directions that appellant be discharged from the crime charged in the information.
McNULTY, C.J., and SCHEB, J., concur.