331 So.2d 388 (1976)
Willie LIGHTFOOT, Appellant,
v.
STATE of Florida, Appellee.
Nos. 75-1196, 75-1197.
District Court of Appeal of Florida, Second District.
April 14, 1976.
Rehearings Denied May 25, 1976.
Jack O. Johnson, Public Defender, and Steven H. Denman, Asst. Public Defender, and Paul J. Martin, Legal Intern, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant was convicted of the sale and possession of heroin on consecutive days. The overwhelming evidence supports the jury's findings of guilt. The only point which warrants our consideration is whether the court committed reversible error in failing to give a requested jury instruction on attempted sale. Rule 3.510, RCP, requires the court to charge the jury on an attempt where a defendant is being tried for any offense in which the attempt to commit such offense is also an offense. Since the attempted sale of heroin is undoubtedly a separate offense, the court erred in failing to charge the jury on this offense.
The evidence in this case clearly reflects that any sales of heroin in which the appellant was involved were fully consummated. An attempt to commit a crime contemplates an incompleted act as distinguished from the completed act necessary for the crime. Robinson v. State, Fla. App.3d, 1972, 263 So.2d 595. Therefore, it may logically be said that the evidence did not support a charge of attempted sale of heroin.
In similar circumstances, this court recently held in Lomax v. State, Fla.App. 2d, 1975, 322 So.2d 650, that where the evidence of the completed crime was so great that there was no rational basis for the jury to have concluded that the attempted crime was the only crime committed the failure to charge on attempt as required by Rule 3.510, RCP, constituted harmless error. Lomax was grounded in substantial part upon the recent case of Gilford v. State, Fla. 1975, 313 So.2d 729, in which the Supreme Court held that it was not error *389 to refuse to give a requested charge of breaking and entering with intent to commit petty larceny where the only evidence indicated that the value of the property that the defendant intended to steal was over $100.
However, since our opinion in Lomax, the Supreme Court has revisited the ever perplexing problem of instructions for lesser included offenses in State v. Terry, Fla., 336 So.2d 65 (Opinion filed February 25, 1976). By a four to three decision, that court held that where the defendant was charged with assault with intent to commit first degree murder and was convicted of aggravated assault, the trial court committed reversible error in failing to give requested instructions on assault and battery and bare assault. In so doing, the Supreme Court reversed the District Court of Appeal which had held, in effect, that since the defendant had shot the victim with a pistol and interposed a plea of self defense, if she was guilty of anything, she was guilty, at the very least, of aggravated assault. In rejecting this reasoning, the Supreme Court quoted with approval from Hand v. State, Fla. 1967, 199 So.2d 100, as follows:
"... The giving of such instruction should not hinge upon whether the trial court believes the evidence is susceptible of inference by the jury that the defendant is guilty of the lesser offense and not of the greater offense charged. In our opinion such judicial determination at trial level obviously takes a most critical evidentiary matter from the proper province of the jury and vests it improperly as a matter of law with the trial judge... ."
Tacitly acknowledging that its opinion may appear to be at variance with its recent decision in Gilford v. State, supra, the court explained that the circumstances of Gilford constituted an exception to the rule.
While the court in Terry did not specifically address itself to the question of whether the error in refusing to give the requested charge could be harmless error, the fact that the conviction was reversed necessarily indicates that the court did not believe this error was harmless. Cf. Ward v. State, Fla.App. 4th, 1973, 287 So.2d 138. In Terry, as in the instant case, the rule of DeLaine v. State, Fla. 1972, 262 So.2d 655, holding harmless the failure to give an instruction "two steps removed" was not involved.
While Terry involved lesser included offenses rather than attempts, the language of the majority opinion unmistakably suggests that the Supreme Court has now returned to a strict adherence to Brown v. State, Fla. 1968, 206 So.2d 377, whereby the trial court is unequivocally mandated to charge on attempts to commit offenses (category 2), offenses necessarily included in the offense charged (category 3), and offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence (category 4). The fact that the evidence conclusively demonstrates that if a crime was committed at all it had to be the more serious crime is irrelevant. Without saying so, the Supreme Court has now apparently adopted the theory of "jury pardon" which was advanced as a minority position in Gilford.
No error was assigned or argued in the instant case with respect to whether the court should have given an instruction on attempted possession, so we need not decide whether we agree with our sister court that attempted possession is a crime. See Nichols v. State, Fla.App. 4th, 1971, 248 So.2d 199.
Since the jury returned four verdicts of guilt, we would have expected four judgments to have been entered. Presumably, because the respective sale and possession charges each arose out of single transactions, only two judgments were entered, *390 each of which adjudicated appellant guilty of the sale and possession of heroin and imposed a single ten year sentence. The two sentences were concurrent. Therefore, we hereby reverse the judgments as they relate to the sale of heroin with instructions that upon the state's election, the appellant shall either be adjudicated guilty of attempted sales of heroin, or in the alternative be granted a new trial on the sale charges. McCann v. State, Fla.App. 4th, 1974, 288 So.2d 285. The judgments of conviction for possession of heroin are affirmed. Appellant must be resentenced on all judgments.
McNULTY, C.J., and HOBSON, J., concur.