BARKDULL, Chief Judge.
The appellant was charged with an information containing the following crimes : robbery, in violation of § 813.011, Fla.Stat., and unlawful possession of a firearm while engaged in a criminal offense, in violation of § 813.011, Fla.Stat. During the trial, an investigator (who investigated the robberies that took place at a local supermarket) testified as to a conversation he had with certain purported eye witnesses as to where the purported robber placed his palm on the counter in order that he could instruct the fingerprint technician where to dust for prints. Upon cross-examination, defense counsel was limited by the trial court in that he was not permitted to cross-examine the investigating officer as to the witness’ description to him of the purported robber.
At the charge conference, defense counsel requested the following charges be giv *533 en in addition to the charge on the crime of robbery, to wit: assault with intent to commit robbery; aggravated assault; simple assault; grand larceny; and petit larceny. The trial court declined to instruct on the foregoing requests. The jury retired, reached a not guilty verdict on the charge of unlawful possession of a firearm while engaged in a criminal offense, and reached a verdict of guilty on the robbery charge. An adjudication of guilt was entered and sentence was entered accordingly. This appeal ensued.
The appellant urges error in the above two rulings by the trial court. We find the appellant’s contentions to be meritorious. The other rulings urged to be error are found to be without merit. State v. Jones, Fla.1967, 204 So.2d 515; Ricks v. State, Fla.App.1971, 242 So.2d 763; Smith v. State, Fla.App.197l, 243 So.2d 602; Henry v. State, Fla.App.1974, 290 So.2d 73; § 924.33, Fla.Stat.
We hold that permitting the investigating officer to relate what the alleged eye witnesses saw, as to where the purported robber placed his palm print, opened up the investigating officer for cross-examination as to what description the alleged eye witnesses gave of tbe purported robber, as this constituted a part of the same “subject matter” testified to by the investigating officer. See: Savage v. State, Fla.1882, 18 Fla. 909; Haager v. State, 83 Fla. 41, 90 So. 812; Elmore v. State, Fla.App.1974, 291 So.2d 617.
Under the latter day Supreme Court decisions, including the most recent of State v. Terry, Fla.1976 (opinion filed February 25, 1976), in a situation where'in a Class 3 category (as described by Justice Thornal in Brown v. State, Fla.1968, 206 So.2d 377) is presented in the evidence, it is incumbent and mandatory that a trial judge charge on all lesser included offenses. We have examined Gilford v. State, Fla.1975, 313 So.2d 729, which the State urges is controlling. However, we do not find Jhe factual situation, as developed, comparable and therefore do not find it applicable in this instance.
Based on the foregoing, the robbery conviction and sentence appealed herein are hereby reversed and the cause is remanded to the trial court for a new trial consistent herewith.
Reversed and remanded for a new trial.