332 So.2d 351 (1976)
Mariene SILVESTRI, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1459.
District Court of Appeal of Florida, Fourth District.
May 14, 1976.
Rehearing Denied June 15, 1976.
*352 Robert O. Beach, Law Office of Robert L. Saylor, North Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
SCHWARTZ, ALAN R., Associate Judge.
During the first week of September, 1974, the defendant-appellant met two men named Bock and Avera in West Palm Beach. At their last meeting, one of two bizarre things happened  either, as Ms. Silvestri said, Bock and Avera stole $1,500 from her; or, as Bock and Avera said when they were apprehended for the reported grand larceny, she gave them a quantity of cocaine for them to sell for her (and which they later decided to appropriate for their own use). The police believed the latter version of the facts and, in return for their cooperation, including surrendering the cocaine supposedly in question, dropped any charges against Bock and Avera. Ms. Silvestri, however, was informed against for three alleged crimes: conspiracy to sell and possess cocaine, possession of cocaine, and making a false report of a crime, that is, the alleged larceny by Bock and Avera.
After a jury trial at which, it is fair to say, the credibility of Bock and Avera was rather seriously called into question, the jury found the defendant guilty of attempts to commit each of the three offenses with which she was charged. The trial judge adjudicated her guilty of the three "crimes" of attempted conspiracy, attempted possession and attempted false reporting, but sentenced *353 the defendant  presumably because the first two crimes arose out of the same criminal conduct  only on the latter two. Ms. Silvestri appeals from the judgments and sentences against her.
The primary thrust of the defendant's presentation here is that the evidence does not support the verdicts against her. This claim is, in turn, based upon a dual argument: first, that Bock and Avera's testimony was so incredible and so severely impeached that no reasonable jury could have believed it; and, second, that any crimes charged to the defendant had been entirely completed  there was no evidence whatever that Ms. Silvestri merely attempted to commit them. Thus, it is claimed, the guilty verdicts for attempted crimes must represent a mere compromise among the jurors or reflect that the jury as a whole had a reasonable doubt covering the defendant's guilt but did not desire to acquit her entirely, neither of which is permissible. See Sorensen, Compromise Verdicts in Criminal Cases, 38 Neb.L.Rev. 808, 814-815 (1959). The law of Florida does not allow us to accept either of these contentions.
As to the first, it is clear that no matter how unlikely or unreliable the state's evidence may appear to us, the issue of its witnesses' credibility is purely one for the determination of the jury. When, as here, there is evidence in the record to support a jury finding of guilt, we may not interfere with its verdicts against the defendant. Holland v. State, 129 Fla. 363, 176 So. 169 (1937). This simple statement of the law, with which everyone would agree, must make the rejection of the appellant's second argument as to the insufficiency of the evidence all the more difficult to understand.
For there is no question at all that there is no evidence to support the verdicts which the jury actually returned. On this record, Ms. Silvestri either conspired, possessed cocaine and made a false report of crime or she didn't. Indisputably she did not merely attempt to do any of these things. Nonetheless, the fact that she did not does not alone preclude affirmance of judgments which reflect that she did. This is so because the law of Florida now clearly requires that, unless waived, in every case in which a separate crime of an attempt to commit the completed offense charged exists under the law, an instruction and a verdict form concerning such an attempt must be given to the jury. Brown v. State, Fla. 1968, 206 So.2d 377, 381; Dobbert v. State, Fla. 1976, 328 So.2d 433, 438-439; Lightfoot v. State, 331 So.2d 388 (Fla.App. 2d opinion filed, April 14, 1976); Rule 3.510, F.R.Cr.P.; see State v. Terry, 336 So.2d 65 (Fla.Sup., opinion filed Feb. 25, 1976); but see Lomax v. State, 322 So.2d 650 (Fla.App.2d 1975), overruled in Lightfoot v. State, supra. The reason for this rule, in the light of its total lack of support in reason or logic, can only lie, as indicated by Judge Grimes at p. 389 in Lightfoot, in the Supreme Court's sub silentio adoption of the theory that the jury must be given an opportunity  and thus obviously has the power  to grant the defendant a "pardon" for the more serious offense by convicting him only of a lesser one, even one which does not exist as a matter of fact. Bailey v. State, Fla. 1969, 224 So.2d 296; Gilford v. State, Fla. 1975, 313 So.2d 729, 735 (dissenting opinion). This conclusion requires, in turn, the holding that the jury cannot be faulted  and a defendant (who in this case did not object to the instruction on attempts) cannot be heard to complain  when the jury exercises its power to pardon him or her through the conviction of a crime which he or she undoubtedly did not commit.
But Ms. Silvestri insists that this did not happen in this case. She contends that the evidence against her was so weak and unconvincing that the verdicts "must have" either been a compromise or were returned notwithstanding the jury's having a reasonable doubt of her guilt. As (we hope) reasonable persons reviewing the actualities of the real situation below, we *354 might agree with the defendant, but, as judges, we are precluded from giving effect to any such belief. Simply stated, we are required conclusively to presume  and we could not even receive jurors' affidavits to the contrary, State v. Smith, 183 So.2d 34 (Fla.App.2d 1966), and cases cited; Smith v. State, 330 So.2d 59 (Fla.App.1st, opinion filed April 13, 1976)  that the jury acted properly as to matters which necessarily inhered in its verdicts. Since the granting of a "pardon" was within the jury's proper function, we must assume, even though we may suspect otherwise, that that's what it did.
This conclusion leaves open, however, what perhaps should have been the initial inquiry in the case, that is, whether as stated in Brown v. State, supra, at 206 So.2d 481,
"as a matter of law ... an attempt to commit the crime charged would itself constitute an offense under Florida law."[1]
As to the crime of conspiracy, charged in Count I of the information, it is enough to say that we entirely agree with the reasoning and conclusion of Judge Hobson, speaking for the Second District in Hutchinson v. State, 315 So.2d 546 (Fla.App.2d 1975), that the "crime" of attempted conspiracy, of which the defendant was found guilty, does not exist under Florida law. Hence, Ms. Silvestri must be discharged as to this alleged offense.[2]
We reach the same conclusion concerning the conviction of attempted making a false report of a crime. F.S. § 817.49 the violation of which the defendant was charged in Count III of the information, provides that
"Whoever willfully imparts, conveys or causes to be imparted or conveyed to any law enforcement officer false ... reports concerning ... crime . . knowing such ... report to be false ... shall . .. be guilty of a misdemeanor ..."
The offense is conceptually very similar to that of uttering or publishing "... as true a false ... instrument ... knowing the same to be false ..." under F.S. § 831.02. Just as the crime of uttering a forged instrument may be proven merely by an attempt to negotiate one, Harrell v. State, 79 Fla. 220, 83 So. 922 (1920), so, it would seem, the offense of making a false report is fully proven by demonstrating an attempt to convey false information to a police officer. Thus, the holding of the First District in King v. State, 317 So.2d 852 (Fla.App.1st 1975) which we followed in Jackson v. State, 328 So.2d 457 (Fla.App.4th 1976) that there is no offense in Florida of attempted uttering of a forged instrument because "there can be no attempt to commit ..." a crime which "is itself an attempt to do an act or accomplish a result" ... 317 So.2d at 853, directly applies. See People v. Schmidt, 76 Misc.2d 976, 352 N.Y.S.2d 399, 403 (Crim.Ct. 1974) (no offense of "attempted `interference with governmental administration'"). The defendant must be discharged as to the false report charge, as well.[3]
This leaves the conviction for attempted possession of cocaine. Despite the logical difficulties admittedly involved and Judge Grimes' rather broad and unsolicited hint of his disagreement in Lightfoot v. State, supra, we adhere to our conclusion in Nichols v. State, 248 So.2d 199 (Fla.App. *355 4th 1971), that attempted possession is indeed a Florida crime.
Unfortunately, this is not the end of our consideration of the case. We cannot affirm the appellant's conviction even on this charge because of egregiously prejudicial comments made during the prosecutor's final argument to the jury. He stated, in part:
"The grand larceny charges were dropped because, obviously, the police didn't believe that any money was ever taken."
* * * * * *
"Mr. Bock and Mr. Avera were, obviously able to convince the police of their truthfulness or they would have been the ones in trial today."
There is no question that the trial judge erred in denying the defendant's timely motions for mistrial and overruling her objections to these remarks. In Thompson v. State, 235 So.2d 354, 357, n. 1 (Fla.App.2d 1970), the Court reversed a conviction because of a state's attorney's argument which merely implied, as the one in this case explicitly stated:
"... that the law enforcement officials responsible for the pretrial proceedings all believed the appellant to be guilty. This implication is prejudicial. Cf. Blanco v. State, 150 Fla. 98, 7 So.2d 333."
This Court likewise held in Price v. State, 267 So.2d 39 (Fla.App.4th 1972) that remarks similar to those made below were prejudicially erroneous. Particularly, in this case, in which the only real issue was whether Bock and Avera or the defendant was telling the truth, the argument in question was plainly "of such a character as to deprive [appellant] of [her] fundamental right to [a] fair trial [citing cases] ..." Price v. State, supra, 267 So.2d at 40, and require a new one.
So it is that we are led inexorably to the conclusion that, at the option of the State, the defendant, who has been acquitted of the only charges against her sustained by the evidence and who therefore may not again be tried for those alleged crimes, Troupe v. Rowe, Fla. 1973, 283 So.2d 857, 860; Smith v. State, supra, must be afforded a new trial solely for an offense the legal existence of which is in some question and as to which, as everyone acknowledges, there is no evidence whatever of her guilt. We all know, as Holmes said, that "... [t]he life of the law has not been logic ...," but this is ridiculous.
Reversed and remanded with directions to discharge the appellant as to Counts I and III and grant a new trial on the charge of attempted possession of cocaine.
WALDEN, C.J., and CROSS, J., concur.
NOTES
[1] In passing, one wonders why a jury is permitted to pardon the defendant by finding him guilty of a crime he did not commit but is not permitted to do so by finding him guilty of a crime which no one could commit.
[2] Of course, the defendant's failure to object below to an instruction on a non-existent offense does not preclude our consideration of the issue, as fundamental error, on appeal. See Minor v. State, 329 So.2d 30, 31 (Fla. App.2d 1976), and cases cited.
[3] Ibid.