PER CURIAM.
Moore was charged with robbery. He requested that the jury be instructed upon the lesser included offenses of assault with intent to commit robbery, grand larceny, assault with intent to commit grand larceny, petit larceny and assault with intent to commit petit larceny. The court gave instructions on robbery, grand larceny, petit larceny and assault. The jury found appellant guilty of robbery. Appellant alleges that the refusal to grant the requested instructions was reversible error.
*815 On the authority of the supreme court’s decision in State v. Terry, 336 So.2d 65 (Fla.1976), we are compelled to agree. In Terry the court mandated strict compliance with Brown v. State, 206 So.2d 377 (Fla.1968). Instructions should be given on all Brown category III and IV offenses. These are lesser included offenses which are necessarily included in the offense charged and those which may be or may not be included in the offense charged, depending on the accusatory pleading and the evidence.
The assault charges are Brown category IV offenses.[1] In this case the robbery information and evidence supported the assault instructions. The trial court thus committed reversible error in failing to give the requested instructions. Hammer v. State, 343 So.2d 856, (Fla. 1st DCA opinion filed December 9, 1976); Silvestri v. State, 332 So.2d 351 (Fla. 4th DCA 1976); Lightfoot v. State, 331 So.2d 388 (Fla. 2d DCA 1976); Young v. State, 330 So.2d 532 (Fla. 3d DCA 1976).
We have considered appellant’s other point on appeal and found it without merit.
Accordingly, this cause is reversed and remanded for a new trial.
BOARDMAN, C. J., and HOBSON and McNULTY, JJ., concur.

. In Lomax v. State, 322 So.2d 650 (Fla. 2d DCA 1975), this court held that in light of the supreme court’s decision in State v. White, 324 So.2d 630 (Fla.1975), assault with intent to commit robbery was a category IV lesser included offense of robbery. Prior to its decision in State v. White, supra, the supreme court had noted that assault was a category III lesser included offense of robbery. Gilford v. State, 313 So.2d 729 (Fla.1975).