NATHAN, Judge.
R. T., a juvenile, appeals from an order adjudicating him delinquent. The petition for delinquency charged the juvenile defendant with having violated Section 810.-09, Florida Statutes (Supp.1976), in that he did . . remain in the property of the School Board of Dade County, located in the vicinity of 11700 S.W. 116th Street. . ” This is the site of Mays Junior High School, and the record reflects that the alleged offense, failure to leave the premises when ordered to do so, occurred within the school building.
Section 810.09, as of the date at issue herein, provided, in pertinent part, that “[a] person commits an offense if, without being authorized, licensed, or invited, he willfully enters upon or remains in any property other than a structure . . . as to which notice against entering or remaining is given . . . .” (Emphasis supplied.)
Appellant argues that the trial court erred in denying his motion for a judgment of acquittal when the act he was found to have committed was not an offense under the laws of Florida. The state contends that the true issue is whether or not there was a fatal variance between the allegation and the proof, asserting that an error in the charge (citation to Section 810.09, Trespass on Property Other Than Structure or Conveyance, instead of Section 810.08, Trespass in Structure or Conveyance) did not mislead or embarrass defendant in the preparation of his defense.
We find the state’s position to be without merit. On the date of the alleged violation, Section 810.08 proscribed only willful entrance onto the structure of another without authorization, license or invitation. Although both the prior statute, which was replaced by Section 810.08, and the subsequently amended version of 810.08 included within the trespass the act of remaining when ordered to depart, the law in effect on the date at issue did not proscribe remaining within a structure when ordered to leave.
The state having failed to prove a crime or a material element thereof, the order of the trial court adjudicating defendant a delinquent must be reversed. Haley v. State, 315 So.2d 525 (Fla. 2d DCA 1975); Minor v. State, 329 So.2d 30 (Fla. 2d DCA 1976).
Reversed.