PER CURIAM.
Appellant, Eddie Jackson, was charged with robbery and at trial requested that the jury be instructed upon the lesser included offenses of grand larceny, petit larceny, aggravated assault and simple assault. The court instructed on robbery, grand larceny and petit larceny and the jury found Jackson ghilty of robbery.
The issue raised on appeal as reversible error is the refusal of the court to give the requested instructions on aggravated and simple assault. We find this point meritorious.
If requested by the defendant instructions must be given on all lesser in- *138 eluded offenses which are necessarily included in the offense charged and those which may be included in the offense charged by virtue of their presence in the accusatory pleading and the evidence at trial. Brown v. State, 206 So.2d 377 (Fla. 1968); State v. Terry, 336 So.2d 65 (Fla. 1976). The failure to instruct on such offenses constitutes prejudicial error and is reversible per se without regard to the harmless error doctrine. Lomax v. State, 345 So.2d 719 (Fla.1977); Abreau v. State, 347 So.2d 819 (Fla.3d DCA 1977).
The information against Jackson in the instant case reads in part:
. . did unlawfully by force, violence, assault or putting in fear, take certain property, to-wit: CASH, good and lawful MONEY of the United States of America, the property of GRACE KENYON as owner or custodian, from the person or custody of GRACE KENYON and in the course of committing said Robbery, (used a deadly weapon) carried a firearm, to-wit: A PISTOL, in violation of 812.13 Florida Statutes, contrary to the . . . ”
This pleading coupled with the evidence introduced at trial unquestionably supported the requested assault instructions. Cf. Moore v. State, 341 So.2d 814 (Fla.2d DCA 1977). We reverse Jackson’s robbery conviction and sentence and remand the cause to the trial court for a new trial. See Young v. State, 330 So.2d 532 (Fla.3d DCA 1976).
Reversed and remanded.