359 So.2d 556 (1978)
W.C. BUSH, Appellant,
v.
STATE of Florida, Appellee.
No. 77-591.
District Court of Appeal of Florida, Fourth District.
June 7, 1978.
*557 Richard L. Jorandby, Public Defender, Joseph R. Atterbury, Legal Intern, and Frank B. Kessler, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, for appellee.
DURANT, Jr., N. JOSEPH, Associate Judge.
We consider here whether or not under the laws of the State of Florida there is such a crime as attempted accessory after the fact.
A person is an accessory after the fact where he maintains, assists or gives an offender any aid, knowing that he committed a felony "with intent that he shall avoid or escape detection, arrest, trial or punishment." Section 777.03, Florida Statutes (1975). In Henderson v. State, 55 So.2d 110 (Fla. 1951), our Supreme Court said that:
... . for the purpose of a similar verdict the words "attempt" and "intent" were synonymous.
And, in the case of King v. State, 317 So.2d 852 (Fla. 1st DCA 1975), the First District made the following pronouncement which is controlling in the case at bar:
If a crime is itself an attempt to do an act or accomplish a result, there can be no attempt to commit that crime.
It is apparent, therefore, than once an individual attempts to aid a fleeing felon for the purpose of accomplishing the result of helping him avoid detection, then he has actually completed the crime of accessory after the fact.
For the foregoing reasons, we specifically hold that there is no such crime as attempted accessory after the fact, and that the trial judge was correct in refusing to charge the jury on this non-existent crime.
The judgment and sentence rendered by the trial court are, therefore,
AFFIRMED.
ANSTEAD and CROSS, JJ., concur.