OTT, Judge.
The State charged appellant with the commission of three robberies. He received a separate trial on each charge, and all three trials ended in a finding of guilty as charged. We have consolidated these three cases on appeal and we find merit in appellant’s argument that the court erred in allowing testimony of collateral crimes during the third trial. We reverse that conviction; otherwise, we affirm.
At the third trial the witness testified that appellant and another man robbed and shot him as he sat in his used car office. During cross-examination the following exchange occurred:
Q. (By defense counsel, Mr. Vollrath) You state now that there is no doubt in your mind that Albert Lawson is the person that did that; is that correct?
A. Right.
Q. Okay. Were you always so sure? A. I didn’t know his name until I saw it in the paper a day or two, a few days after that, where he had robbed this old man and broke his collarbone and this woman. I didn’t even know his first name or last.
At this point defense counsel moved for a mistrial. The court denied the motion, instructed the jury to disregard the answer except for the fact that the witness (or victim) got appellant’s name from the newspaper, and told the witness to limit his answers to the questions asked.
Several questions later the witness made the following statement:
THE WITNESS: I can’t, because he is saying that I said, when I called the police, I told them, I guess they made a record, the detective come up also, and I said this woman, I know her voice, because she has called before and told me about when she saw it in the paper, that Albert Lawson was involved in these other two cases and mine. She called me and told me about that.
Defense counsel again moved for a mistrial which motion the court denied. On redirect examination the witness made yet another reference to collateral crimes.
Q. Now, Mr Wilburn, Mr. Vollrath has gone to great detail here to try to confuse you and make it look like you didn’t tell the truth on that deposition. *787 Now, would you explain to the members of the jury what you were trying to tell Mr. Volrath but you weren’t afforded the opportunity to do so?
A. Yes, I will.
Q. Okay.
A. This lady called me a few days after Lawson was picked up. I was shot on the 17th of April, if I am not mistaken, and the old man and woman was shot on the 25th and 27th.
For the third time counsel moved for a mistrial and once again the court denied the motion. Then, with the jury out, the court instructed the witness not to mention situations involving other people. The court also told the jury to strike from consideration any reference to anything about any individuals other than the one involved in that case.
The Florida Supreme Court has long held that when a defendant is on trial for the commission of a crime, testimony concerning other offenses committed by him is only admissible when relevant to some issue other than bad character or propensity to commit crime. Williams v. State, 110 So.2d 654 (Fla.1959). In the present case we do not think and the State does not argue that Mr. Wilburn’s testimony that appellant robbed two other people was relevant to any issues at trial. Accordingly, error occurred each time Mr. Wilburn made a reference to the other robberies.
Since the first reference was responsive to a defense question we would be inclined, if that were all we were confronted with, to follow the State’s suggestion that we affirm on the principle that a defendant is not entitled to reversal when he has caused the error complained of. See Castle v. State, 305 So.2d 794 (Fla.4th DCA 1975) aff’d., 330 So.2d 10 (Fla.1976). However, the witness made two other references to appellant’s involvement in other robberies, once in an attempt to explain a previous answer and once in response to a question from the state. Such remarks, whether calculated or not, left the jury with the impression that appellant was an evil person who had a propensity to commit criminal acts. This result is exactly what the supreme court sought to prohibit in Williams v. State, supra.
We hold that after the witness first mentioned appellant’s involvement in other robberies the trial court should have instructed him not to do so again and should have made sure that he understood.
We find that there is one other point which we must discuss. At the second trial the court refused a defense request that it instruct the jury on assault with intent to commit petit larceny. Appellant argues that this was error citing Moore v. State, 341 So.2d 814 (Fla.2d DCA 1977).
While we agree with appellant that Moore would seem to require an instruction on assault with intent to commit petit larceny in the present case, we recede from the holding of Moore insofar as it discusses that type of assault. Assault with intent to commit petit larceny is not a crime prohibited by the laws of Florida, and it goes without saying that a trial court can only instruct a jury on those offenses which are crimes within this state.
The other points which appellant has presented are without merit. Accordingly, we affirm Case Nos. 77-1523 and 77-1522, reverse Case No. 77-1521, and remand for further proceedings consistent with this opinion.
BOARDMAN, C. J., and RYDER, J., concur.