363 So.2d 26 (1978)
Harold HESTOR, Appellant,
v.
STATE of Florida, Appellee.
No. 77-893.
District Court of Appeal of Florida, Fourth District.
September 20, 1978.
Rehearing Denied October 25, 1978.
Ray Sandstrom of Sandstrom & Haddad, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Harry M. Hipler, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Chief Judge.
Appellant was tried on a charge of tampering with a witness in violation of Section 918.14, Florida Statutes (1975), and convicted of attempted tampering with a witness.
Appellant contends that he was convicted of a non-existent crime  attempted tampering with a witness  and we agree. The statute under which appellant was charged is Section 918.14, Florida Statutes (1975),
"918.14 Tampering with witnesses. 
"(1) It is unlawful for any person, knowing that a criminal trial, an official proceeding, or an investigation by a duly constituted prosecuting authority, a law enforcement agency, a grand jury or legislative committee, or the Judicial Qualifications Commission of this state is pending, or knowing that such is about to be instituted, to endeavor or attempt to induce or otherwise cause a witness to:
"(a) Testify or inform falsely; or
"(b) Withhold any testimony, information, document, or thing.
"(2) If any person violates the provisions of this section by the use of force, deception, threat or offer of pecuniary benefit to induce any conduct described in subsection (1), the violation shall constitute a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. In all other cases, a violation shall constitute a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
"(3)(a) It is unlawful for any person:
"1. To cause a witness to be placed in fear by force or threats of force;
"2. To make an assault upon any witness or informant; or
"3. To harm a witness by any unlawful act in retaliation against the said witness for anything lawfully done in the capacity of witness or informant.
"(b) Any person violating the provisions of this subsection shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."
At the charge conference after the close of the evidence some confusion seemed to exist among the court and counsel as to the applicability of any lesser included offenses and whether an attempt charge was appropriate. The State takes the position on this appeal that appellant invited the charge on attempted tampering with a witness which the court gave, but we do not agree. The *27 rule requiring an instruction on attempts[1] provides that the court shall charge the jury on attempts to commit the offense charged if such attempt is an offense.[2] Here the substantive crime described in Section 918.14, Florida Statutes (1975), includes by its express terms any "endeavor or attempt to induce" one to testify falsely, etc. Thus, since the elements of the crime itself include an attempt, there is no separate crime of attempted tampering with a witness. In view of the foregoing we reverse the judgment appealed from and remand the cause to the trial court with directions to discharge the appellant.
REVERSED AND REMANDED with directions to discharge.
ANSTEAD and LETTS, JJ., concur.
NOTES
[1] Fla.R.Crim.P. 3.510.
[2] Other cases in which it has been held that there is no such crime as attempt to commit the substantive crime charged: Bush v. State, 359 So.2d 556 (4th DCA 1978) (attempted accessory after the fact); Silvestri v. State, 332 So.2d 351 (Fla. 4th DCA 1976), approved 340 So.2d 928 (Fla. 1976) (attempted making a false report of a crime); King v. State, 317 So.2d 852 (Fla. 1st DCA 1975), aff'd 339 So.2d 172 (Fla. 1976) (attempt to utter a forgery). See also Robinson v. State, 338 So.2d 1309 (Fla. 4th DCA 1976).