851 So.2d 400 (2003)
Herbert Joe WHITE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00419-COA.
Court of Appeals of Mississippi.
July 29, 2003.
*401 Walter Kevin Colbert, Natchez, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
McMILLIN, C.J., for the Court.
¶ 1. Herbert Joe White was accused by a Franklin County Circuit Court grand jury of attempting to aid his friend, Johnny Patrick Thorpe, to escape arrest after Thorpe purportedly committed the felonies of attempted larceny and aggravated assault. The specific offense for which White was charged, according to the indictment, *402 was attempted accessory after the fact. White was convicted. Immediately after his conviction, White moved to set the conviction aside on the ground that the indictment returned against him was void because it failed to charge an essential element of the crime. The trial court conceded that the indictment was defective on its face for the reason advanced by White, but determined that White had waived any objection to the form of the indictment by proceeding to trial with knowledge of the defect. White has appealed to this Court, raising as his sole issue the contention that the trial court erred in refusing to vacate his conviction based on a void indictment. We find White's appeal to have merit and, for that reason, reverse the conviction and remand this proceeding to the trial court for such further proceedings as may be found appropriate under the terms of our decision.

I.

Facts
¶ 2. A brief overview of the alleged facts of the case appears enough for an understanding of the issue before the Court. As is common, there were a number of points as to which the evidence was in sharp conflict and what follows is, in essence, a summary of the State's theory of the case.
¶ 3. Thorpe, who was a resident of Natchez, was detained for questioning in neighboring Franklin County in regard to a suspected theft of anhydrous ammonia, an agricultural chemical also useful in the manufacture of crystal methamphetamine. At some point, when the investigating officer sought to physically restrain Thorpe, he stabbed the officer in the hand with a screwdriver and ran from the scene. Despite an intense manhunt, Thorpe managed to avoid capture for a number of hours. During that time, he broke into an unoccupied house and used the telephone to call his wife in Natchez and inform her of his predicament. In that conversation, he expressed fear of harsh punishment because of his prior criminal record and told his wife he was unwilling to voluntarily surrender. Instead, he asked his wife to tell his friend, White, to come from Natchez to a designated location at an overpass in Franklin County, where Thorpe would be waiting, the intention being to spirit Thorpe away from the immediate clutches of the ongoing manhunt. Thorpe's wife had a conversation to that effect with White at around 11:30 at night. White was reluctant to undertake the mission, but ultimately, in the ensuing early morning hours, drove from his home to the designated location. However, as he approached the designated overpass, White observed that there were a number of law enforcement officials in the immediate vicinity. Including among them was Sonny Smith, a City of Natchez police officer assisting in the manhunt. Smith was acquainted with both White and Thorpe and was aware of their close friendship. According to Officer Smith, when White saw him, White averted his face and immediately sped up and departed the scene.

II.

Discussion
¶ 4. Apparently because White's efforts in simply driving from Adams County to the designated rendezvous point in Franklin County did nothing to actually aid or assist Thorpe in his efforts to avoid capture, the State charged White (along with Thorpe's wife, Tracy Lynn Thorpe), not as an accessory after the fact, but for the attempt to become an accessory after the fact. The relevant charging portion of the indictment contained the following language:

*403 [T]hat Tracy Lynn Thorpe and Herbert Joe White ... acting in concert, each with the other, did wilfully, unlawfully, and feloniously attempt to aid or assist, conceal, receive or relieve one Johnny Patrick Thorpe, who had committed the crime of aggravated assault, burglary and theft of anhydrous ammonia, and Tracy Lynn Thorpe and Herbert Joe White, knowing that Johnny Patrick Thorpe had committed those felony crimes, and after the commission of those felonies, with the felonious intent of them, Tracy Lynn Thorpe and Herbert Joe White, to enable Johnny Patrick Thorpe to escape or to avoid arrest, trial, conviction, or punishment....
¶ 5. White was tried separately from Tracy Lynn Thorpe and, as we have observed, was found guilty. Almost immediately after the verdict was returned, White moved to vacate his conviction on the ground that the indictment was fatally defective because it failed to charge with any measure of certainty the specific overt act in furtherance of the attempted crime that is a critical element of a charge of attempt. There can be no doubt that some overt act aimed at the accomplishment of the intended crime is an essential element of a charge of attempt. The statute establishing attempt as a crime provides that "[e]very person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same ..." may be punished appropriately. Miss. Code Ann. § 97-1-7 (Rev.2000) (emphasis added). The Mississippi Supreme Court has firmly established that, in order to indict for an attempt, the indictment must set out with certainty the specific conduct that the State asserts to be the "overt act" undertaken by the defendant. Maxie v. State, 330 So.2d 277, 278 (Miss.1976). The evident purpose for this rule is the underlying general principle that one accused of a crime is entitled to know the specific nature of the allegations against him so that he can prepare his defense, rather than be left guessing as to what specific activity the State contends is a violation of the criminal statute. However, even though the necessity for a plain statement of the facts relied upon by the State has its foundation in the concept of adequate notice to the defendant of the nature of the allegations against him, the State may not avoid the requirement by showing that the defendant had actual notice from some other source of the specific nature of the State's allegations. Hawthorne v. State, 751 So.2d 1090, 1095 (¶ 24) (Miss.Ct.App. 1999). There is no acceptable substitute or cure in the law for an indictment that omits the essential charging information.
¶ 6. The fact that this indictment does not contain "a plain, concise and definite written statement of the essential facts constituting the offense charged" because of its failure to set out with any certainty White's "overt act" intended to aid Thorpe's escape renders the indictment void. Maxie, 330 So.2d at 278. Because of the nature of the defect in the indictment, it cannot be the subject of waiver by failure to raise the issue prior to trial. Id. Nevertheless, the trial court in this instance, taking note of the promptness with which the issue was raised after the guilty verdict was returned, was convinced that defense counsel and the defendant were well aware of the defect in the indictment prior to trial but had elected to proceed without raising the issue in the hope of obtaining an acquittal, while being secure in the knowledge that a guilty verdict could not be permitted to stand; in effect, giving White a no-risk opportunity to avoid punishment. In that circumstance, the court invoked considerations of waiver or *404 estoppel to deny White's motion to set aside his guilty verdict.
¶ 7. While this Court certainly has some appreciation for the trial court's evident frustration with the tactics employed by the defense, we are nevertheless of the view that the court's decision cannot find support in existing precedent and is, in fact, directly contrary to that precedent. The trial court's theory would require a defendant, in order to assert the defective indictment issue after conviction, to demonstrate that defense counsel only discovered the defect after the trial had concluded. Such a proposition finds no support in case law. Failure to demur or otherwise object to the validity of the indictment on the ground appearing in this case does not constitute a waiver or invoke considerations of estoppel to raise the issue postconviction without distinction as to whether the failure to raise the issue at an earlier stage was purposeful or based on lack of knowledge of the applicable law. See Durr v. State, 446 So.2d 1016, 1017 (Miss.1984); Hawthorne, 751 So.2d at 1095 (¶ 22). There is no authority for the proposition that the court may, when the issue is raised belatedly, inquire into the circumstances of why it was not raised at an earlier stage and base its ruling on the actual knowledge or motivation of the defendant or his attorney. The evident solution to the problems presented by this case lies, not in an inquiry into the extent of defense counsel's understanding of the applicable case law at any particular point in time in the trial process, but rather in the prosecution's ability to follow the straightforward dictates of Uniform Circuit and County Court Rule 7.06 to draft an indictment that contains a plain statement of the essential facts constituting the offense charged.
¶ 8. From a review of the record, including the instructions given to the jury, it is apparent that the State considered White's act of driving from Natchez to the appointed rendezvous spot in Franklin County as an overt act in furtherance of White's intentions to aid Thorpe in evading the ongoing manhunt. The State further appeared to contend that White was thwarted in that purpose when he arrived and saw the extent of the effort to capture Thorpe, including coming face-to-face with a law enforcement officer who was aware of the close relationship between White and Thorpe. We offer two observations regarding this aspect of the case.
¶ 9. First, the missing critical elements from an indictment may not be supplied by proof presented at trial or by jury instructions that adequately set out the essentials of the charged crime. 4 WAYNE R. LAFAVE, JEROLD H. ISRAEL, & NANCY J. KING, CRIMINAL PROCEDURE § 19.3(a) (2001).
¶ 10. Secondly, we note that, in a case charging an attempted crime, there are issues involving whether (a) the alleged overt act was one in direct furtherance of the crime or was a mere act of preparation subsequently abandoned before the scheme advanced sufficiently to warrant criminal sanction; and (b) whether the effort to commit the crime was voluntarily abandoned or whether the defendant remained intent on completing the crime and failed only because he was thwarted by circumstances beyond his control. See, generally, Bucklew v. State, 206 So.2d 200 (Miss.1968). Because we reverse and remand, there exists the possibility, at least, that White will be re-indicted and re-tried. In the circumstances of this case, the issue of whether White's act of driving from Natchez to the designated Franklin County pickup point was an overt act in furtherance of a definitely-formed intention to aid Thorpe in escaping arrest or was a more remote act of preparation subsequently *405 abandoned is not before us, and the fact that we are remanding should not be interpreted as an indication that we have decided that issue. Rather, that necessarily remains an unresolved issue of law that can only be determined at some future point based on the allegations of a properly drawn indictment and some inquiry into the evidence available to establish the assertions that a new indictment may contain.

III.

Additional Considerations
¶ 11. The dissent, relying at least in part on a decision by a Florida District Court of Appeal, suggests that White's conviction ought to be reversed and rendered on an issue not raised by him in this appeal. The dissent would, under the plain error doctrine, determine that there is no such crime as attempted accessory after the fact, thus rendering void any attempt to prosecute White for such a crime. The dissent reaches that conclusion on the basis that the statute defining accessory after the fact and the general attempt statute both require an overt act in furtherance of the crime defined therein. For that reason, the dissent maintains that an individual who commits an overt act intended to aid a known felon evade capture has necessarily moved beyond a mere attempt and accomplished the underlying crime. In Bush v. State, the Fourth District Court of Appeal of Florida, without clear explanation, concluded that, for purposes of analysis of this issue, the words "attempt" and "intent" were synonymous. Bush v. State, 359 So.2d 556, 557 (Fla. 4th DCA 1978). The court then noted that Florida's accessory after the fact statute required that an act in aid of the felon be undertaken "with intent that [the felon] avoid ... arrest...." Id. (emphasis added). From there, the Florida court moved straight to the conclusion that it was "apparent ... that once an individual attempts to aid a fleeing felon ... then he has actually completed the crime of accessory after the fact." With respect to the Florida court and the dissent, the logic of that analysis is unpersuasive.
¶ 12. It is unremarkable that the statutory definitions of both accessory after the fact and criminal attempt require an overt act. It is, in fact, difficult to envision any criminal conduct that does not require some affirmative action on the part of the accused. The distinguishing feature of the overt act in the situation of an attempted crime is the ineffectual nature of the act and the consequent failure to accomplish the intended crime. Spann v. State, 771 So.2d 883, 891 (¶ 18) (Miss. 2000). In order to commit the crime of accessory after the fact in this State, we are satisfied that there must be some indication that the effort to assist a fleeing felon actually aided or assisted him in some way. This is inherent in the statutory definition, which requires that the defendant have actually "aided or assisted" the felon, as opposed to simply having attempted, but failed, to do so. Miss.Code Ann. § 97-1-5 (Rev.2000). An effort that results in no assistance or aid to an absconding felon, even if undertaken with the requisite intent, simply does not accomplish the intended crime. It is the ineffectual nature of that intentional overt act that compels the dual conclusions that (a) the crime of accessory after the fact has not, in fact, been accomplished, but that (b) by his failed but criminally-culpable effort to assist, the defendant has rendered himself subject to sanction under this State's general attempt statute.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF FRANKLIN COUNTY IS REVERSED AND THIS CAUSE IS REMANDED FOR SUCH *406 FURTHER PROCEEDINGS AS ARE CONSISTENT WITH THE TERMS OF THIS OPINION. COSTS OF THE APPEAL ARE ASSESSED TO FRANKLIN COUNTY.
SOUTHWICK, P.J., THOMAS, LEE, IRVING, MYERS, and GRIFFIS, JJ.
KING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BRIDGES AND CHANDLER, JJ.
KING, P.J., Dissenting.
¶ 14. I dissent from the majority opinion herein. The majority would reverse and remand this case. For different reasons, I believe the appropriate course of action is to reverse and render the conviction.
¶ 15. I believe the pivotal issue before this Court is whether the indictment against White actually charged a crime cognizable under the laws of this state. While White has not specifically raised this as an issue, this Court, pursuant to M.R.A. P., 28(a)(3), "may at its option notice a plain error not identified or distinctly specified." The failure to charge a crime cognizable under Mississippi law is such a plain error. Mitchell v. State, 788 So.2d 853(¶ 9) (Miss.Ct.App.2001). This issue is one of law and is reviewed de novo by this Court. Hall v. State, 785 So.2d 302 (¶ 7) (Miss.Ct.App.2001).
¶ 16. The indictment against White read:
THE GRAND JURORS of the State of Mississippi, taken from the body of the good and lawful citizens of the said County, elected, empaneled on January 24, 2000, sworn and charged as required by law to inquire in and for said County, in the name and by the authority of the State of Mississippi, upon their oath, present that

TRACY LYNN THORPE and HERBERT JOE WHITE
late of the County aforesaid, in said County, on or about the 5th day of March 2000 acting in concert, each with the other, did wilfully, unlawfully, and feloniously attempt to aid or assist, conceal, receive or relieve one Johnny Patrick Thorpe, who had committed the crime of aggravated assault, burglary and theft of anhydrous ammonia, and Tracy Lynn Thorpe and Herbert Joe White, knowing that Johnny Patrick Thorpe had committed those felony crimes, and after the commission of those felonies, with the felonious intent of them, Tracy Lynn Thorpe and Herbert Joe White, to enable Johnny Patrick Thorpe to escape or to avoid arrest, trial, conviction, or punishment;
contrary to the form of the statute in such cases made and provided, against the peace and dignity of the State of Mississippi.
OFFENSE: ATTEMPTED ACCESSORY AFTER THE FACT § 97-1-5
¶ 17. Section 97-1-5 of the Mississippi Code Annotated (Rev.2000) defines accessory-after-the-fact as follows:
Every person who shall be convicted of having concealed, received, or relieved any felon, or having aided or assisted any felon, knowing that such person had committed a felony, with intent to enable such felon to escape or to avoid arrest, trial, conviction or punishment, after the commission of such felony, on conviction thereof shall be imprisoned in the penitentiary not exceeding five years, or in the county jail not exceeding one year, or by fine not exceeding one thousand dollars, or by both; and in prosecution for such offenses it shall not be necessary to aver in the indictment or to *407 prove on the trial that the principal has been convicted or tried.
¶ 18. This statute clearly requires the commission of an overt act for conviction as an accessory-after-the-fact. Gangl v. State, 539 So.2d 132, 136 (Miss.1989). This statute does not define the offense of attempted accessory-after-the-fact. Accordingly, such a charge must of necessity flow from this state's general "attempt" statute, Mississippi Code Annotated Section 97-1-7 (Rev.2000), which provides:

Every person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same, on conviction thereof, shall, where no provision is made by law for the punishment of such offense, be punished as follows: If the offense attempted to be committed be capital, such offense shall be punished by imprisonment in the penitentiary not exceeding ten years; if the offense attempted be punishable by imprisonment in the penitentiary, or by fine and imprisonment in the county jail, then the attempt to commit such offense shall be punished for a period or for an amount not greater than is prescribed for the actual commission of the offense so attempted.
¶ 19. Section 97-1-7 also requires the commission of an overt act. Durr v. State, 446 So.2d 1016, 1017 (Miss. 1984).
¶ 20. Since an overt act is required under both 97-1-5 and 97-1-7, it would appear that the charge of an attempt pursuant to 97-1-7 is inconsistent with 97-1-5.
¶ 21. My search revealed no similar case in Mississippi. However, I find that the Florida case of Bush v. State, 359 So.2d 556, 557 (Fla. 4th DCA 1978) is relevant. In Bush, the court determined that "[i]f a crime is itself an attempt to do an act or accomplish a result, there can be no attempt to commit that crime." The court further stated that "[i]t is apparent, therefore, than [sic] once an individual attempts to aid a fleeing felon for the purpose of accomplishing the result of helping him avoid detection, then he has actually completed the crime of accessory after the fact." Id. The court held "that there is no such crime as attempted accessory after the fact." Id.
¶ 22. The Mississippi and Florida statutes are very similar. Florida's general "attempt" statute (Fla. Stat. Ann. Section 777.04 (Rev.2000)) reads in part:
(1) A person who attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such offense, but fails in the perpetration or is intercepted or prevented in the execution thereof, commits the offense of criminal attempt, ranked for purposes of sentencing as provided in subsection (4). Criminal attempt includes the act of an adult who, with intent to commit an offense prohibited by law, allures, seduces, coaxes, or induces a child under the age of 12 to engage in an offense prohibited by law.
While the Mississippi "attempt" statute, Miss.Code Ann. Section 97-1-7 (Rev.2000) reads:

Every person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same, on conviction thereof, shall, where no provision is made by law for the punishment of such offense, be punished as follows: If the offense attempted to be committed be capital, such offense shall be punished by imprisonment in the penitentiary not exceeding ten years; if the offense attempted be punishable by *408 imprisonment in the penitentiary, or by fine and imprisonment in the county jail, then the attempt to commit such offense shall be punished for a period or for an amount not greater than is prescribed for the actual commission of the offense so attempted.
¶ 23. I find the reasoning in Bush to be persuasive and would hold that there can be no offense identified as "attempted accessory-after-the-fact." To be an accessory-after-the-fact, one must perform some overt act. If the overt act is performed, the offense has been completed, and one cannot then be found guilty of attempted accessory-after-the-fact.
¶ 24. Accordingly, I would reverse and render.
BRIDGES AND CHANDLER, JJ., JOIN THIS SEPARATE OPINION.