296 So.2d 549 (1974)
Carl STERN, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-1219.
District Court of Appeal of Florida, Third District.
May 7, 1974.
Rehearing Denied July 12, 1974.
Phillip A. Hubbart, Public Defender, and Kathleen Gallagher, Asst. Public Defender, for appellant.
*550 Robert L. Shevin, Atty. Gen., and Linda C. Hertz, Asst. Atty. Gen., for appellee.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
CARROLL, Judge.
By indictment the appellant was charged in two counts with the crime of murder in the first degree, and in a third count was charged with assault with intent to commit first degree murder. The defendant pleaded not guilty by reason of insanity. Upon trial before a jury he was convicted of two offenses of second degree murder, for each of which he received a life sentence, and of assault with intent to commit third degree murder, for which a five-year sentence was imposed. Provision was made for the sentences to be served consecutively.
The appellant's first contention is that the court erred in applying the M'Naghten test of sanity in the trial, although conceding the law of Florida provides therefor, and that no objection was made to the court's charge to the jury thereon. That contention of the appellant is without merit. See Piccott v. State, Fla. 1960, 116 So.2d 626; Cook v. State, Fla.App. 1973, 271 So.2d 232; Anderson v. State, Fla. 1973, 276 So.2d 17.
Appellant's second contention relates to a discretionary ruling of the trial court, and no abuse of discretion in that connection has been shown.
Additionally, the appellant claims the court committed reversible error by charging the jury incorrectly as to the penalty which could be imposed upon him upon conviction for second degree murder. The court charged the jury on the degrees of murder and lesser included offenses, and, as required by Rule 3.390(a) CrPR, 33 F.S.A., charged as to the penalties fixed by law. With reference to second degree murder the charged stated: "Murder in the second degree is punishable by a maximum of 30 years in the state penitentiary."
Section 775.082(4)(b) Fla. Stat., F.S.A. provides that the penalty for a felony of the first degree (which murder in the second degree comprises, according to § 782.04(2) Fla. Stat., F.S.A.) is imprisonment in the state penitentiary for not exceeding thirty years "or, when specifically provided by statute, by imprisonment in the state penitentiary for a term of years not exceeding life imprisonment."
In this instance, due to the status of the defendant, upon his conviction of murder in the second degree the court was authorized by law to impose the life sentence, under § 775.084 Fla. Stat., F.S.A. Therefore, the court's charge that thirty years imprisonment was the maximum sentence which could be imposed on conviction of the defendant for second degree murder, was incorrect.
Appellant seeks reversal and a new trial because of such incorrect charge, contending that thereby the jury was misled, and that since the jury determined upon a lesser degree of murder which they understood had a maximum 30-year penalty, the jury well may have determined upon a still lesser offense had they known the court could sentence the defendant to imprisonment for life upon conviction of second degree murder. The state argues the error in that regard was harmless because the court also charged the jury that their function was limited to determination of the existence or non-existence of guilt and that imposition of the penalty was a matter for the court.
That argument of the state lacks weight, since under the law the jury is permitted to convict for a lesser included offense, and the legal requirement for the jury to be informed as to the penalty or penalties necessarily recognizes that the jury can have the penalties in mind in reaching a verdict.
We find merit in the appellant's argument on that point, but in our view the error is not such as to require a new trial. Inasmuch as the jury settled on an offense *551 which was a lesser degree of the one with which the defendant was charged, and did so after having been informed by the court that the penalty therefor was imprisonment for a maximum of 30 years, revision of the life sentences to imprisonment for 30 years will obviate the necessity for new trial, because upon imposition of that penalty the validity of the verdict may not be questioned, and we hold that the interest of justice would best be served by so resentencing the defendant.
The judgment is affirmed, and the cause is remanded to the trial court with direction to amend the sentences of the defendant for the two convictions of second degree murder, as and in the respect pointed out above.
It is so ordered.