RAWLS, Acting Chief Judge.
By amended information, appellant was charged in Count I with breaking and entering a dwelling with intent to commit a misdemeanor and in Court II with carrying a concealed firearm.
After a jury trial, appellant was found guilty of the lesser included offense of attempted breaking and entering with intent to commit, a misdemeanor as to Count I, and guilty as charged as to Count II. The trial court imposed five year sentences on each count to run concurrently.
By way of this appeal, appellant contends that the trial judge erroneously instructed the jury on the potential penalty for attempted breaking and entering with intent to commit a misdemeanor. In his instructions, the trial judge stated: “The crime of guilty of attempted breaking and entering with the intent to commit a misdemeanor, the penalty cannot exceed two and a half years in the state prison.”[1] However, upon the jury rendering a verdict of guilty of the lesser included offense of attempted breaking and entering with intent to commit a misdemeanor, the trial judge adjudicated appellant guilty of this crime and proceeded to sentence him to five years to run concurrently with a five year sentence imposed for carrying a concealed firearm.
Inasmuch as the jury settled on an offense which was a lesser degree of the one with which appellant was charged, and did so after having been informed by the trial court that the penalty therefore was imprisonment for a maximum of two and a half years, we hold that the interest of justice would best be served by resentencing appellant to two and a half years for the crime of attempted breaking and entering with intent to commit a misdemeanor. See Stern v. State, 296 So.2d S49 (Fla.App.3rd 1974).
*473 The judgment and sentence as to carrying a concealed firearm are affirmed. The judgment as to attempted breaking and entering with intent to commit a misdemean- or is affirmed. The sentence as to attempted breaking and entering with intent to commit a misdemeanor is reversed and remanded with directions to the trial judge to amend the sentence for a period of two and a half years to run concurrently with the five year sentence imposed for carrying a concealed firearm. It will not be necessary for appellant to be present for resentencing.
Affirmed in part; reversed in part.
MILLS and SMITH, JJ., concur.

. The maximum penalty for attempted breaking and entering with intent to commit a misdemeanor is five years.