McNULTY, Chief Judge.
Appellant appeals a judgment and sentence for sale and possession of heroin. In instructing the jury, the trial judge erroneously stated that the maximum possible sentences for possession and for sale of heroin were five years each, but since it was a single transaction the maximum penalty imposable would be a single five years. This was a wrong charge, of course, since the maximum sentence for the sale of heroin is fifteen years.[1]
Appellant was found guilty as charged. The court imposed a single ten year sentence. Appellant now insists that he is entitled to a new trial. We disagree.
Appellant makes no valid contention that the evidence is insufficient to support the verdicts of guilty and the judgments entered thereon. The gravamen of his complaint must necessarily be that had the jury known of the severity of the offenses with *161 which he was charged they may well have “pardoned” him. While we might deny a jury’s right to pardon, we think the interests of justice would be best served in a case such as this if the penalty imposed is appropriate to the severity of the offense of which the jury thought him guilty. Accordingly, in the instant case, the sentence should be reduced to five years.[2]
In view whereof the judgments are affirmed but the cause is remanded with directions that a single sentence of five years be imposed for the higher offense of sale of heroin. We ordain, too, that it will not be necessary for appellant to be present at resentencing.
GRIMES and SCHEB, JJ., concur.

. Sections 893.13(1) (a) (1) and 775.082, F.S. 1975.

. See Burt v. State (Fla.App. 1st, 1976), 330 So.2d 472; Stern v. State (Fla.App. 3rd, 1974), 296 So.2d 549.