344 So.2d 1311 (1977)
David Carlton HENRY, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-530.
District Court of Appeal of Florida, Third District.
April 26, 1977.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before PEARSON and BARKDULL, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Appellant, defendant in the trial court was informed against as follows:
* * * * * *
"* * * WILLIAM SHRIVER AND DAVID CARLTON HENRY, between the 19th day of June, 1975, and the 14th day of July, 1975, in the County and *1312 State aforesaid, did unlawfully, knowingly and feloniously have in their possession certain explosives, to-wit: DYNAMITE AND PRIMER CORD, without having a license or permit therefor, in violation of 552.101 and 552.22 Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."
* * * * * *
At the time of the jury instruction conference, defense counsel requested a charge on attempted unlawful possession of dynamite; the trial judge refused. After conviction, the appellant prosecuted this appeal and has urged error in this ruling upon the authority of McClam v. State, 288 So.2d 285 (Fla. 4th D.C.A. 1974); Silvestri v. State, 332 So.2d 351 (Fla. 4th D.C.A. 1976). We affirm.
The cases of the Fourth District Court of Appeal are distinguishable either under the facts, because of the nature of the crime charged in the cited cases compared to the crime charged in the instant case, or we decline to follow them and will be in conflict therewith.
The crime charged in the instant action is a licensing statute relating to the possession of dynamite. If dynamite is possessed without a license, it raises a prima facie presumption of "intent to use the same for destruction of life, limb, or property". In Henderson v. State, 55 So.2d 110 (Fla. 1951), "intent" has been defined as follows:
* * * * * *
"* * * In the case of Bunch v. State, 58 Fla. 9, 50 So. 534, this Court settled the question that for the purpose of a similar verdict the words `attempt' and `intent' were synonymous. * * *"
* * * * * *
There is no crime of attempt to intend to use the same for destruction of life, limb, or property. Compare King v. State, 317 So.2d 852 (Fla. 1st D.C.A. 1975).
The other points upon which error is urged have been examined and no merit is found to them. Fitzgerald v. State, 227 So.2d 45 (Fla. 3rd D.C.A. 1969); Ford v. State, 251 So.2d 562 (Fla. 3rd D.C.A. 1971); Songer v. State, 322 So.2d 481 (Fla. 1975); Fernandez v. State, 328 So.2d 508 (Fla. 3rd D.C.A. 1976).
Affirmed.