LETTS, Judge.
This appeal arises from a two count conviction, first, of attempted breaking and entering[1], and second, of possession of burglary tools.[2] We reverse the latter and affirm the former.
The principal point on appeal concerns the refusal of the trial judge to give a jury instruction on attempted possession of burglary tools and we agree that this was erroneous.
Under the mandate of Brown v. State, 206 So.2d 377 (Fla.1968) and Rule 3.510 Fla.R.Crim.P. the jury should have been so instructed. To the pertinent inquiry of, “Since when has an attempt to possess burglary tools in and of itself been held to be a crime?,” we can only answer that Section 777.04(1) Florida Statutes (1975) appears to us to make it so. Moreover we have held attempted possession of cocaine to be a crime, Silvestri v. State, 332 So.2d 351 (Fla. 4th DCA 1976), and attempted possession of marijuana to be likewise. Nichols v. State, 248 So.2d 199 (Fla. 4th DCA 1971). We cannot see a rational distinction between these two holdings and the case at bar. Nor can we conclude that the crime of possession of burglary tools under Section 810.06 Florida Statutes (1975) is in and of itself a crime involving attempt. If we were able to so conclude, then we would agree that “if the crime is [in and of] itself an attempt to do an act or accomplish a result, there can be no attempt to commit that crime.” King v. State, 339 So.2d 172 (Fla.1976). See also Hutchinson v. State, 315 So.2d 546 (Fla. 2nd DCA 1975). In other words, we agree that one cannot attempt an attempt. However it appears to us that possession of burglary tools with intent to commit a burglary is an offense by itself, rather than an attempt to commit burglary. This is so because one of the requisite elements of attempt, some act towards completion of the crime beyond mere preparation, is not supplied by the possession of burglary tools alone. See Groneau v. State, 201 So.2d 599 (Fla. 4th DCA 1967).
This decision has not been reached without some agonizing. Not only do we view the entire law of instructions on attempt to be somewhat of a paradox whenever the evidence conclusively demonstrates *79 that the crime was in fact committed, but also we are confronted by two recent cases which further undermine Brown, supra. The first of these comes from our brothers in the Third District who have within the last four months concluded that attempted unlawful possession of dynamite cannot be an offense. Henry v. State, 344 So.2d 1311 (Fla. 3rd DCA 1977). Their rationale, if correct, makes this decision incorrect, for the Third District reasons that possession of dynamite WITH INTENT to use it for an unlawful purpose is a crime which, in and of itself is an attempt. They conclude that intent and attempt are synonymous.[3] We agree that you cannot attempt an attempt, but we are not satisfied that possession of dynamite with intent can be construed to be an attempt offense.
The second erosion of Brown seems to us to have come from the Supreme Court itself when it “. . . specifically held that in cases involving homicide, proper jury instructions are limited to those charges involving lawful and unlawful homicide.” Martin v. State, 342 So.2d 501, 502 (Fla. 1977). We enthusiastically agree with this decision and note the following language:
We hold that where a homicide has taken place, the proper jury instructions are restricted to all degrees of murder, manslaughter and justifiable and excusable homicide.
Such language not only controls us but seems eminently sensible. In fact, we would also like to be able to say that, where the evidence-is conclusive that possession of burglary tools under Section 810.06 Florida Statutes (1975) has unequivocally occurred, the proper jury instructions would preclude an instruction on attempt. However, we cannot, because we agree with Judge Grimes that:
. . the language of the majority opinion [in State v. Terry, 336 So.2d 65 (Fla.1976)] unmistakably suggests that the Supreme Court has now returned to a strict adherence to Brown v. State, 206 So.2d 377 (Fla.1968) . . . . The fact that the evidence conclusively demonstrates that if a crime was committed at all it had to be the more serious crime, is irrelevant. Without saying so the Supreme Court has now apparently adopted the theory of “jury pardon” which was advanced as a minority position in Gilford [v. State, Fla., 313 So.2d 729], Lightfoot v. State, 331 So.2d 388 (Fla. 2nd DCA 1976).
For the foregoing reasons we feel compelled to hold that a charge of attempted possession of burglary tools should have been given to the jury and the conviction for actual possession of them is therefore reversed and remanded for a new trial.
Notwithstanding this holding, we are of the opinion that the Fourth and Third Districts of this state have presented divergent views on the attempt question.[4] Accordingly, we respectfully certify, as a matter of great public interest, the following question to our Supreme Court:
IF A DEFENDANT IS CHARGED WITH POSSESSION OF BURGLARY TOOLS UNDER SECTION 810.06, IS IT NECESSARY TO INSTRUCT THE JURY ON ATTEMPT?
The conviction for attempted breaking and entering is affirmed for we cannot agree that a policeman’s testimony that he had known the defendant for quite a while constituted reversible error. Such acknowl *80 edgment of personal acquaintance, without more, is just as consistent with innocent activities as it is with criminal conduct. United States v. Brock, 408 F.2d 322 (5th Cir. 1969).
ALDERMAN, C. J., and MARVIN U. MOUNTS, Jr., Associate Judge, concur.

. § 777.04(1) Fla.Stat. (1975) and § 810.02(3) (1975).

. § 810.06 Fla.Stat. (1975).

. 344 So.2d at page 1312, it is said:
The crime charged in the instant action is a licensing statute relating to the possession of dynamite. If dynamite is possessed without a license, it raises a prima facie presumption of “intent to use the same for destruction of life, limb, or property”. In Henderson v. State, 55 So.2d 110 (Fla.1951), “intent” has been defined as follows:
. In the case of Bunch v. State, 58 Fla. 9, 50 So. 534, this Court settled the question that for the purpose of a similar verdict the words “attempt” and “intent” were synonymous. Id. at 111, 50 So. 534.

. The ebb and flow of decisions on jury instructions is carefully documented by Judge Aider-man in Garrison v. State, 340 So.2d 1171 (Fla. 4th DCA 1976).