352 So.2d 1247 (1977)
Joseph H. CROSBY, Appellant,
v.
STATE of Florida, Appellee.
No. 77-279.
District Court of Appeal of Florida, Second District.
December 9, 1977.
Rehearing Denied January 5, 1978.
Jack O. Johnson, Public Defender, W.C. McLain, Asst. Public Defender, Bartow; and Howard L. Dimmig, II, Legal Intern, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
Appellant Joseph H. Crosby argues that the state did not produce sufficient evidence in this case to sustain a conviction for burglary tools. We agree.
The state filed an information charging appellant with burglary and possession of burglary tools. At trial, the prosecution presented evidence to the effect that appellant and his co-defendant had stolen a purse from a locked car. When the police captured appellant shortly after the burglary, they found two coathangers in the car in which appellant was riding. The prosecution did not present any evidence to show that these coathangers had been used in the burglary or that they had been altered for such a purpose. The officer who found the coathangers only testified that he had in the past used similar hangers to get into locked cars.
A jury found appellant guilty of burglary and possession of burglary tools. Thereafter appellant filed a motion for a new trial which the trial court denied. We believe that the court erred in this ruling.
A conviction for possession of burglary tools can only be sustained in the case of common household tools where there is evidence that the object was in fact used as a burglary tool. Foster v. State, 286 So.2d 549 (Fla. 1973). In the present case, there was absolutely no evidence that the coathangers were used to break into the car. The officer's testimony only established that they could have been used for such a purpose and not that they were used for that purpose.
In view of what we have said, we reverse the order of the trial court and remand the *1248 case for a new trial on the charge relating to possession of burglary tools. We find that the other points which appellant raises have no merit and therefore we affirm his conviction on the burglary charge.
HOBSON, Acting C.J., and DANAHY, J., concur.