PER CURIAM.
Appellant was charged by information with “strong-arm” robbery contrary to Section 812.13(2)(c), Florida Statutes (1975). Upon a jury trial, appellant was convicted of the crime charged. The court thereupon adjudged him guilty in accordance with the jury’s verdict. At a sentencing hearing subsequent to the trial, and after proper notice was served upon appellant, the trial court determined appellant to be an habitual felony offender within the meaning of Section 775.084, Florida Statutes (1975) and sentenced him to an extended term of thirty years in prison at hard labor with credit for time served.
In this appeal, appellant contends the trial judge erroneously instructed the jury on the maximum penalty for “strong-arm” robbery. Appellant urges that, because of this error, he is entitled to have his thirty-year sentence reduced to fifteen years, citing Bryant v. State, 334 So.2d 160 (Fla. 2d DCA 1976); Burt v. State, 330 So.2d 472 (Fla. 1st DCA 1976); and Stern v. State, 296 So.2d 549 (Fla. 3d DCA 1974). We disagree and affirm.
During his charge on the law, the trial judge, without objection, instructed the jury on the applicable penalty for the crime charged as follows:
“Now, the legislature has established that the maximum penalty for the robbery in this particular statute, 812.13(2)(c), is fifteen years or as low down as probation, but you are not to be concerned with the penalty in the event that you reach a verdict of guilty. Just as the determination of guilt or innocence of the accused rests solely and absolutely with you, so also does the determination of the extent of the punishment rest solely and absolutely with this court.”
“Strong-arm” robbery is a felony of the second degree punishable by a term of imprisonment not exceeding fifteen years. Sections 812.13(2)(c) and 775.082(3)(c), Florida Statutes (1975). However, one convicted of a felony of the second degree who is properly determined to be an habitual felony offender pursuant to Section 775.084, Florida Statutes (1975) may be sentenced to an extended term of imprisonment not exceeding thirty years. Section 775.084(4)(a), Florida Statutes (1975). Appellant was sentenced to an enhanced term pursuant to these statutes.
Appellant’s reliance on Bryant v. State, supra, and Burt v. State, supra, is misplaced because those cases do not involve the enhanced sentence provision of Section 775.-084, Florida Statutes (1975). Appellant also relies on Stern v. State, supra. In Stern, the trial judge, without objection, instructed the jury that the crime of second degree murder was punishable by a maximum term' of imprisonment of thirty years. Stern was convicted of second degree murder. However, due to Stern’s status as a habitual felony offender pursuant to Section 775.084, Florida Statutes (1973), he received an enhanced sentence of life imprisonment. Our sister court found that instruction to be error and reduced Stern’s sentence from life imprisonment to thirty years.
We decline to follow the decision in Stern for the following reasons: First, had the judge in the case at bar told the jury that appellant could receive up to thirty years in prison because of his status as an habitual felony offender, this would have improperly revealed to the jury that appellant had been previously convicted of a crime. The defendant here did not object to the instruc *931 tion given, nor did he request the trial judge to tell the jury about his past criminal record and the possibility of an enhanced sentence should he be convicted. That question, therefore, is not before us.
Second, as the trial judge instructed the jurors, the determination of the extent of punishment rests solely within the discretion of the trial judge, not the jury.
A third reason can be found within the habitual felony offender statute itself. Section 775.084, Florida Statutes (1975) requires that a separate proceeding must be conducted to determine whether, for the protection of the public, it is necessary to sentence the defendant to an extended term. Thus, at the time the trial judge instructs the jury as to the possible penalties should they convict the accused, he has absolutely no way of knowing whether the defendant will be found to be an habitual felony offender in the subsequent proceeding.
For these reasons, we hold that the trial judge did not err in instructing the jury as to the potential penalty for “strong-arm” robbery.
We have carefully examined the other point raised by appellant and find error, if any, was harmless.
Although we affirm appellant’s conviction, we must remand this case for resentencing of appellant. The present sentence does not specifically set forth the period of credit time to be allowed as required by Section 921.161(1), Florida Statutes (1975); Brooks v. State, 349 So.2d 794 (Fla. 2d DCA 1977). Moreover, the phrase “at hard labor” in .the sentence is improper. Brooks v. State, supra. The appellant does not have to be present at resentencing.
SCHEB, A. C. J., and OTT and DAN-AHY, JJ., concur.