362 So.2d 1348 (1978)
STATE of Florida, Petitioner,
v.
George THOMAS and Lorenzo Holmes, Respondents.
No. 52759.
Supreme Court of Florida.
September 21, 1978.
*1349 Robert L. Shevin, Atty. Gen., and Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender, and Marc E. Kirk, Asst. Public Defender, West Palm Beach, for respondents.
HATCHETT, Justice.
If a defendant is charged with possession of burglary tools under Section 810.06,[1] is it necessary to instruct the jury on attempt? We have jurisdiction to answer this question, certified to us by the Fourth District Court of Appeal in its opinion at 351 So.2d 77 (Fla. 4th DCA 1977), pursuant to Article V, Section 3(b)(3), Florida Constitution (1968). We conclude that attempted possession of burglary tools is not a crime in this state, and therefore answer the question in the negative.
Respondents were convicted of attempted breaking and entering, and possession of burglary tools. The district court reversed the conviction for possession of burglary tools because the trial court refused to give a jury instruction on attempted possession of burglary tools. The district court reasoned that proper jury instructions in this case would include an instruction on attempt because of this court's mandate in Brown v. State, 206 So.2d 377 (Fla. 1968),[2] and the "jury pardon" concept recognized in numerous opinions by this and other Florida courts.[3] The district court noted, however, that other district court opinions have reached different conclusions on this same issue, and therefore certified the question to us.[4]
This court held in Lomax v. State, 345 So.2d 719 (Fla. 1977), that generally it is reversible error for a trial court to refuse to grant a defense request for an instruction on the lesser included offense of attempt.[5] In Lomax, this court recognized that it is the jury's prerogative to resolve questions of fact as to the degree of offense committed. The authority of a jury includes its ability to find a defendant guilty of the lesser included offense even where the evidence might warrant a verdict of guilt on the greater offense charged. The trial court should not usurp the jury's role by *1350 failing to give instructions on lesser included offenses.[6]
A different question is presented where a trial court concludes that, regardless of the evidence presented in the case, an instruction on an attempt to commit the major offense charged is not warranted because an attempt to commit that offense does not constitute a crime under the laws of this state. Usually, such a situation will arise when the major offense charged includes the attempt to commit that act. For example, this court has held that the crime of uttering a forged instrument includes the attempt to pass a forged check as well as the actual negotiating of the forged instrument. King v. State, 339 So.2d 172 (Fla. 1976).
The answer is much more difficult with regard to crimes which do not themselves include an attempt. Although it may be possible for a person to be convicted of an attempt to possess items which are contraband per se,[7] burglary tools are not contraband per se, and it is only the actual possession of burglary tools along with a criminal intent or usage that constitutes a punishable offense. Possession of otherwise "innocent" items, coupled with a use or intended use of such tools in a burglary, is unlawful. No crime is committed until the items are in the actual or constructive possession of a person who is using or attempting to use the objects as burglary tools.
Since we have concluded that, as a matter of law, there is no such crime as "attempted" possession of burglary tools in this state, the opinion below is quashed, and the cause remanded for further proceedings with directions to reinstate the trial court's judgment of conviction.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD and OVERTON, JJ., concur.
NOTES
[1] Sec. 810.06, Fla. Stat. (1975) states:

Possession of burglary tools.  Whoever has in his possession any tool, machine, or implement with intent to use the same, or allow the same to be used, to commit any burglary or trespass shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] See also, Fla.R.Crim.P. 3.510 which states:

Conviction of Attempt; Lesser Included Offense.
Upon an indictment or information upon which the defendant is to be tried for any offense the jurors may convict the defendant of an attempt to commit such offense if such attempt is an offense, or may convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard. (Emphasis added.)
[3] State v. Abreau, 363 So.2d 1063 (Fla. 1978); Lomax v. State, 345 So.2d 719 (Fla. 1977); Saunders v. State, 341 So.2d 773 (Fla. 1977); Adams v. State, 341 So.2d 765 (Fla. 1977); Gilford v. State, 313 So.2d 729 (Fla. 1975); Bailey v. State, 224 So.2d 296 (Fla. 1969); Battle v. State, 362 So.2d 464 (Fla. 4th DCA 1978); Thomas v. State, 351 So.2d 77 (Fla. 4th DCA 1977); Bryant v. State, 334 So.2d 160 (Fla. 2d DCA 1976); Silvestri v. State, 332 So.2d 351 (Fla. 4th DCA 1976); Lightfoot v. State, 331 So.2d 388 (Fla. 2d DCA 1976); Parker v. State, 330 So.2d 148 (Fla. 2d DCA 1976); Lomax v. State, 322 So.2d 650 (Fla. 2d DCA 1975).
[4] See Milazzo v. State, 359 So.2d 923 (Fla. 3d DCA 1978); Henry v. State, 344 So.2d 1311 (Fla. 3d DCA 1977); Silvestri v. State, supra; Lightfoot v. State, supra.
[5] State v. Abreau, 363 So.2d 1063 (Fla. 1978), recognizes that such error may be harmless if the "attempt" offense is "two steps removed" from the crime of which the defendant was convicted, and if the jury failed to exercise its "pardoning" power by returning a verdict of guilty as to the next lesser offense.
[6] An exception to this rule pertains to those cases involving homicides, in which judges may properly limit their instructions to the various degrees of unlawful and lawful homicide, as long as the death of the victim is not in issue. Martin v. State, 342 So.2d 501 (Fla. 1977).
[7] See, Nichols v. State, 248 So.2d 199 (Fla. 4th DCA 1971), (attempted possession of marijuana).