ALDERMAN, Justice.
The defendant, Clarence Harold Nappier, seeks review of the decision of the Second District Court of Appeal in Nappier v. State, 354 So.2d 929 (Fla. 2d DCA 1978). This decision conflicts with Stern v. State, 296 So.2d 549 (Fla. 3d DCA 1974). In Stern, the Third District Court of Appeal held that, where the defendant, upon conviction, might be subject to an enhanced sentence as an habitual felony offender in a subsequent proceeding pursuant to Section 775.084, Florida Statutes (1973), it is error for the trial judge, when instructing the jury as to the maximum sentence upon conviction, to fail to inform the jury of the enhanced sentence the defendant might receive as an habitual felony offender, and the District Court reduced the enhanced sentence imposed on the defendant Stern. In the present case, the Second District Court reached a contrary conclusion of law and affirmed an enhanced sentence imposed on the defendant Nappier.
To resolve the conflict, we accept jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution, and approve the rationale and holding of the Second District in the present case.
Nappier was tried for “strong arm” robbery contrary to Section 812.13(2)(c), Florida Statutes (1975). The trial judge, without objection, instructed the jury that the maximum penalty Nappier could receive upon conviction of “strong arm” robbery was fifteen years. The jury was not informed that, if Nappier were convicted, he might be subject to the enhanced sentencing provisions of Section 775.084, Florida Statutes (1975). The jury returned a guilty verdict. The trial court thereupon adjudged Nappier guilty and, at a subsequent sentencing hearing, found him to be an habitual felony offender within the meaning of Section 775.084, Florida Statutes (1975), and sentenced him to an extended term of thirty years in prison.
On appeal, Nappier, relying on the decision in Stern, argued that the trial judge erroneously instructed the jury and, because of this error, he was entitled to have his thirty-year sentence reduced to fifteen years. The District Court, while acknowledging the holding in Stern, refused to follow that decision, stating:
We decline to follow the decision in Stern for the following reasons: First, had the judge in the case at bar told the jury that appellant could receive up to *804 thirty years in prison because of his status as an habitual felony offender, this would have improperly revealed to the jury that appellant had been previously convicted of a crime. The defendant here did not object 'to the instruction given, nor did he request the trial judge to tell the jury about his past criminal record and the possibility of an enhanced sentence should he be convicted. That question, therefore, is not before us.
Second, as the trial judge instructed the jurors, the determination of the extent of punishment rests solely within the discretion of the trial judge, not the jury.
A third reason can be found within the habitual felony offender statute itself. Section 775.084, Florida Statutes (1975), requires that a separate proceeding must be conducted to determine whether, for the protection of the public, it is necessary to sentence the defendant to an extended term. Thus, at the time the trial judge instructs the jury as to the possible penalties should they convict the accused, he has absolutely no way of knowing whether the defendant will be found to be an habitual felony offender in the subsequent proceeding.
Nappier argues that the District Court’s reasons for rejecting Stern are unsatisfactory. He says that it is fundamentally unfair to sentence a defendant to an extended term in prison when the jury has been previously informed that the maximum penalty which might be imposed upon the defendant in the event of a conviction is a lesser term of imprisonment. His argument is grounded on the premise that the failure to instruct on the possibility of an enhanced sentence somehow diminishes a defendant’s changes of receiving a “jury pardon.”
We find defendant’s argument to be without merit. Accordingly, we approve the rationale and holding of the District Court in this case and discharge the writ.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD and OVERTON, JJ., concur.