363 So.2d 41 (1978)
Woodrow D. PORTER, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1912.
District Court of Appeal of Florida, Second District.
October 6, 1978.
Jack O. Johnson, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Chief Judge.
Appellant was charged with possession of a firearm by a convicted felon and found guilty of attempted possession of a firearm by a convicted felon. He now contends that he was convicted of a nonexistent crime.
The question of whether there can be crimes involving attempted possession continues to recur. In State v. Thomas, 362 So.2d 1348, No. 52,759 (Fla., filed September 21, 1978), our supreme court recently held that there is no crime of attempted possession of burglary tools. The court reasoned that the tools used in burglary are innocent by themselves and that no crime is committed until these tools are in the actual or constructive possession of a person with the requisite criminal intent. In reaching its conclusion the court said:
Although it may be possible for a person to be convicted of an attempt to possess items which are contraband per se, burglary tools are not contraband per se... . State v. Thomas, supra at 1350.
Like burglary tools, a firearm is not contraband, per se; yet, in the hands of a convicted felon, a firearm becomes equivalent to contraband for purposes of Section 790.23, Florida Statutes (1977). The Fourth District Court of Appeal has consistently held that attempted possession of contraband is a crime. Silvestri v. State, 332 So.2d 351 (Fla. 4th DCA 1976); McClam v. State, 288 So.2d 285 (Fla. 4th DCA 1974); Nichols v. State, 248 So.2d 199 (Fla. 4th DCA 1971).
We cannot say that it is logically impossible to visualize a factual setting in which a convicted felon could attempt to gain possession of a firearm but fail in the perpetration. See Section 777.04(1), Florida Statutes (1977). Therefore, we hold that there exists in Florida the crime of attempted possession of a firearm by a convicted felon.
AFFIRMED.
HOBSON and RYDER, JJ., concur.