388 So.2d 1381 (1980)
Dale Gene FRAME, Appellant,
v.
STATE of Florida, Appellee.
No. 79-967.
District Court of Appeal of Florida, Second District.
October 22, 1980.
*1382 Jack O. Johnson, Public Defender, Bartow, and Judith L. James, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Chief Judge.
The state charged Dale Gene Frame with possession of burglary tools, grand theft of a firearm, and dealing in stolen property, specifically some Klaus tools, among other offenses. Frame moved to suppress the alleged burglary tools, the firearm, and the Klaus tools. When the trial court denied his motions, Frame pled nolo contendere in each case reserving his right to appeal. The court adjudicated Frame guilty and sentenced him to two years on each charge to be served consecutively. Frame appeals contending that the court erred in denying his motions to suppress.
The alleged burglary tools were a slide hammer and bolt cutters. The state presented no evidence that these were not "innocent items" and, therefore, it had to show not only possession, but use or attempted use of them as burglary tools. Preston v. State, 373 So.2d 451 (Fla.2d DCA 1979); see State v. Thomas, 362 So.2d 1348 (Fla. 1978). The state, however, failed to demonstrate this. Consequently, the trial court erred in denying Frame's motion to suppress the tools.
The trial judge refused to suppress the firearm on the ground that firearms are contraband per se. The trial judge was incorrect, however, since firearms are not *1383 contraband per se. Porter v. State, 363 So.2d 41 (Fla.2d DCA 1978). The state now attempts to sustain the denial of Frame's motion because Frame was a felon possessing a firearm in violation of section 790.23, Florida Statutes (1979). Nevertheless, the state introduced no evidence showing that the officers who seized the firearm knew that Frame was a felon. Consequently, the trial court erred in denying Frame's motion to suppress the firearm.
Finally, Frame contends that the trial court should have suppressed the Klaus tools. Since the state had charged Frame with dealing in stolen property, it had to establish that the police who seized the tools had probable cause to believe that they were stolen. Ludwig v. State, 215 So.2d 898 (Fla.3d DCA 1968), cert. denied, 396 U.S. 927, 90 S.Ct. 261, 24 L.Ed.2d 225 (1970). At the hearing on the motion to suppress the tools, Frame's counsel stipulated that the proof as to the tools would be the same as that presented in an earlier hearing on Frame's motions to suppress other items seized when the tools were seized. That evidence indicated that the officers had probable cause to believe the other items were stolen. In view of the stipulation, the trial court properly denied Frame's motion to suppress the tools.
We find no merit to the other points Frame raises.
Accordingly, we vacate the sentence and convictions for possession of burglary tools and grand theft of a firearm; otherwise, we affirm. We remand for further proceedings consistent with this opinion.
GRIMES and OTT, JJ., concur.