446 So.2d 175 (1984)
Vinton Gail HUBBELL, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1604.
District Court of Appeal of Florida, Fifth District.
February 2, 1984.
Rehearing Denied March 7, 1984.
*176 James B. Gibson, Public Defender, and David A. Henson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Vinton Hubbell appeals from a judgment and sentence for attempted burglary and possession of burglary tools.
The facts in this case are relatively simple. On May 29, 1982, at about 2:00 a.m., two officers were dispatched to an auto glass store in response to a burglar alarm. They discovered a broken window and some fresh wood chips which appeared to come from the rear door. Outside, about six feet from the door was some fencing material with a person behind it. After their requests to come out were ignored, the officers pulled down the fencing and found Hubbell. At his feet was a piece of pipe.
As his first point on appeal, Hubbell contends that the evidence was insufficient to sustain a conviction for attempted burglary. We disagree and affirm. See Groneau v. State, 201 So.2d 599 (Fla. 4th DCA 1967).
Hubbell's second point on appeal concerns the sufficiency of the evidence to sustain the conviction for possession of burglary tools. Hubbell was not observed breaking the door or prying open the door. No fingerprints were found on the pipe. There was no direct evidence to show that the pipe was used in the burglary. The most incriminating thing that can be said about the pipe is that it was in the immediate vicinity of Hubbell at the time of his apprehension.
Hubbell contends that his motion for judgment of acquittal should have been granted because the state produced no evidence that he ever possessed the pipe, that the pipe was a burglary tool, or that it was ever used by him as such. In support of his position, Hubbell cites three cases: Foster v. State, 286 So.2d 549 (Fla. 1973); overruled on other grounds, Jenkins v. Wainwright, 322 So.2d 477 (Fla. 1975); Preston v. State, 373 So.2d 451 (Fla. 2d DCA 1979) and Crosby v. State, 352 So.2d 1247 (Fla. 2d DCA 1977). In Foster, the supreme court held that since the burglary tool statute had the potential to render any number of common household tools illegal, the statute must be construed to require that the tool be used as a burglary tool, thus becoming a facet of the breaking and entering transaction. In that case, a screwdriver fell out of the defendant's clothes after he was seen entering a room. The screwdriver had blue paint from the room doors still on it. The conviction for possession of burglary tools was upheld although the sentence imposed was vacated on double jeopardy grounds.
In Preston, the defendant was spotted crouching behind a bush in the early morning hours by law enforcement officers. When officers approached, the defendant fled. During the ensuing chase, he dropped a sock containing two ice picks, a knife, a screwdriver, and a flashlight. On appeal, the Second District vacated the judgment and sentence for possession of burglary tools since there was no evidence that the defendant intended to use the household tools to commit a burglary or that the items were actually used as such.
*177 In Crosby, the defendant was convicted of burglary and possession of burglary tools. At trial, the prosecution presented evidence to the effect that defendant and his co-defendant had stolen a purse from a locked car. When the police captured the defendant shortly after the burglary, they found two coathangers in the car in which he was riding. The prosecution did not present any evidence to show that these coathangers had been used in the burglary or that they had been altered for such a purpose. The officer who found the coathangers only testified that he had in the past used similar hangers to get into locked cars.
While affirming the conviction for burglary, the Second District reversed the conviction for possession of burglary tools on the basis that there was no evidence that the coathangers were used to break into the car. Rather, the court pointed out that the officer's testimony only established that they could have been used for such a purpose and not that they were used for that purpose.
The state contends that these cases are distinguishable because they involved common household items as opposed to the pipe which the state claims is not a common household item. The state also cites State v. Thomas, 362 So.2d 1348 (Fla. 1978), wherein the supreme court stated as follows:
[B]urglary tools are not contraband per se, and it is only the actual possession of burglary tools along with a criminal intent or usage that constitutes a punishable offense. Possession of otherwise `innocent' items, coupled with a use or intended use of such tools in a burglary, is unlawful. No crime is committed until the items are in the actual or constructive possession of a person who is using or attempting to use the objects as burglary tools.
Id. at 1350.
We conclude that the piece of pipe here was an "otherwise innocent" item and hence the rules set out in Thomas apply; namely, that it must be shown that Hubbell had actual or constructive possession of the pipe with the intent to commit the burglary. Here the state only showed that the pipe was in close proximity to Hubbell. We therefore conclude the evidence was insufficient and reverse.
AFFIRMED in part and REVERSED in part.
ORFINGER, C.J., and SHARP, J., concur.