452 So.2d 1048 (1984)
Freddie J. JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 84-34.
District Court of Appeal of Florida, Second District.
July 6, 1984.
*1049 Jerry Hill, Public Defender, Bartow, and Robert F. Moeller, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
We affirm the revocation of appellant's probation and the imposition of judgment and sentence on the underlying offense of unemployment compensation fraud. We agree, however, with appellant's assertion that the evidence presented at his revocation hearing was insufficient to support the trial court's finding that he violated his probation by possessing burglary tools. See Preston v. State, 373 So.2d 451 (Fla. 2d DCA 1979) (when alleged burglary too, is a common household item or an implement of ordinary and everyday use, state must present evidence of item's actual use in burglary or attempted burglary to establish requisite criminal intent.) Accord Frame v. State, 388 So.2d 1381 (Fla. 2d DCA 1980) (slide hammer and bolt cutters were innocent items which would not support finding of guilt absent evidence of use in burglary or attempted burglary). The record before us contains no evidence that appellant used the bolt cutters in his possession for any unlawful purpose.
We reject appellant's contention that the evidence was insufficient to support a finding of violation for loitering and prowling. Conversely, we deem the evidence sufficient to have satisfied the trial court's conscience that appellant committed the violation charged. See Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947); Brown v. State, 429 So.2d 821 (Fla. 2d DCA 1983) (revocation justified if evidence is sufficient to satisfy conscience of court that condition of probation has been violated).
Accordingly, we strike that part of the order of revocation finding that appellant violated his probation by possessing burglary tools. We affirm the judgment and sentence in all other respects.
BOARDMAN, A.C.J., and DANAHY and SCHOONOVER, JJ., concur.