SCHEB, Judge.
K.W., a juvenile, challenges the trial court’s order finding him guilty of the offense of possessing burglary tools and placing him on community control.
K.W. was charged with being delinquent for having violated section 810.06, Florida Statutes (1983), which provides:
Whoever has in his possession any tool, machine, or implement with intent to use the same, or allow the same to be used, to commit any burglary or trespass shall *369 be guilty of a felony of the third degree

The only evidence offered against K.W. at the adjudicatory hearing was the testimony of Deputy William Nelson of the Hillsborough County Sheriffs Office. Deputy Nelson observed K.W. in the early hours of April 15, 1984, “messing around” with an automatic bank teller machine and looking through garbage cans at a shopping center. The officer sent the juvenile home, but as he walked away, Deputy Nelson observed an object protruding from his pocket. He then stopped and frisked K.W. The frisk yielded a knife, a pair of wire cutters, and a bag of change. The deputy then cheeked the area but found the bank machine showed no signs of any attempted entry and that no machines or businesses in the area had been burglarized.
On the basis of Deputy Nelson’s testimony, the trial judge found K.W. to be delinquent for having violated section 810.06. The court withheld adjudication and placed him on community control.
The items found on K.W. are household tools or tools of everyday use. Since they are not contraband per se, it is only the possession of such implements along with a criminal intent or usage that constitutes a punishable offense. As we noted in Preston v. State, 373 So.2d 451 (Fla. 2d DCA 1979), cert. denied, 383 So.2d 1203 (Fla.1980), in such instances it is necessary for the state to present evidence of an item’s actual use in burglary or attempted burglary to establish the requisite criminal intent. See also James v. State, 452 So.2d 1048 (Fla. 2d DCA 1984); Hubbell v. State, 446 So.2d 175 (Fla. 5th DCA), petition for review denied, 453 So.2d 44 (Fla.1984); Frame v. State, 388 So.2d 1381 (Fla. 2d DCA), appeal dismissed, 394 So.2d 1152 (Fla.1980); Crosby v. State, 352 So.2d 1247 (Fla. 2d DCA 1977). Here, as in Frame, the state presented no evidence that the items were not “innocent items.” Moreover, as in Preston and Crosby, the testimony of the officer only established that the tools in question could have been used for burglary purposes and not that they were used or intended to be used for such purposes.
Reversed.
RYDER, C.J., and DANAHY, J., concur.