PER CURIAM.
Castillo appeals from his conviction for burglary. We affirm his conviction because we find the claimed error to be harmless.
At trial, Castillo’s defense depended primarily on his credibility. On cross-examination, the prosecutor asked Castillo if he had any prior felony convictions. See § 90.610, Fla.Stat. (1983). Castillo responded affirmatively. Castillo had only one pri- or felony conviction but the prosecutor never elicited this fact on cross-examination. Instead, he left the jury with, as Castillo contends, a false impression that Castillo had previously been convicted of numerous *1067 crimes. On redirect examination, defense counsel attempted to dispel this false impression by asking Castillo how many prior convictions he had. Defense counsel’s effort was thwarted however when the court sustained the prosecutor’s objection to the question.
It is well established that a party may reexamine a witness on any matter raised during cross-examination. See Noeling v. State, 40 So.2d 120 (Fla.1949). On redirect examination a witness may provide testimony “which tends to qualify, limit or explain testimony elicited on cross-examination.” Hinton v. State, 347 So.2d 1079, 1080 (Fla. 3d DCA), cert. denied, 354 So.2d 981 (Fla.1977). Since the prosecutor challenged Castillo’s credibility by raising his prior conviction, the trial judge should have permitted Castillo to explain and limit the impact of the cross-examination by clarifying on redirect examination that he had only a single prior conviction.[1]
Although we recognize the trial court’s error, we affirm the conviction because the error did not adversely affect Castillo’s substantial rights. See § 924.33, Fla.Stat. (1985); Palmes v. State, 397 So.2d 648, 653 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981). After carefully considering all the relevant circumstances, including the weight and quality of the evidence, see Palmes, and the fact that Castillo’s counsel indirectly informed the jury during closing argument that Castillo had only one prior conviction, we are convinced that the error did not affect the result below. See Brantley v. State, 279 So.2d 290 (Fla.1973); Warren v. State, 270 So.2d 8 (Fla.1972).
Whether considered on its own or in conjunction with the first point on appeal, Castillo’s final point on appeal is without merit. See Wilkins v. State, 383 So.2d 742 (Fla. 4th DCA 1980). Accordingly, the judgment on the conviction appealed is
Affirmed.

. Our decision is supported by those decisions recognizing that defendants may give unsolicited testimony on cross-examination explaining their prior convictions. See, e.g., McArthur v. Cook, 99 So.2d 565 (Fla. 1957).