HERSEY, Chief Judge.
The state appeals an order dismissing that portion of an information which charged appellee with possession of a burglary tool (a screwdriver). We reverse.
A confidential informant advised police that appellee had committed a number of burglaries. During surveillance of a development where several of the burglaries had taken place, appellee was apprehended after jumping over a fence and attempting to run away. Appellee wore a pair of socks over his hands at the time of arrest and was carrying a screwdriver. He admitted having entered the development for the purpose of committing a burglary, but alleged that he was arrested before being able to perpetrate the crime.
There were two facets to the trial court’s rationale for granting appellee’s motion to dismiss. The incriminatory statement, being in the nature of a confession, was ruled inadmissible for lack of a sufficient independent showing of the corpus delicti. Without the confession, reasoned the trial court, there was insufficient evidence to establish a prima facie case.
It is not required, however, that the corpus delicti be proved beyond a reasonable doubt. It is sufficient if the evidence tends to show that a crime has been committed. Stone v. State, 378 So.2d 765, 771 (Fla.1979), cert. denied, 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed.2d 250 (1980).
Appellee was apprehended at 12:30 a.m., after being discovered in a frequently-burglarized neighborhood from which he fled by jumping a fence, in possession of a screwdriver and with both hands covered by socks. He also initially gave a false name to the arresting officer. This evidence is sufficient to establish the corpus delicti. Thus, the incriminatory statement was admissible.
Appellee argues, however, that when a tool is a common household item, intent to use it as a burglary tool may be established only by evidence that it was actually used to commit or to attempt to commit a burglary.
The pertinent statute, section 810.06, Florida Statutes (1985), states:
Whoever has in his possession any tool, machine, or implement with intent to use the same, or allow the same to be used, to commit any burglary or trespass shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Appellee's interpretation of the statute is based upon a line of cases from the second district court of appeal, exemplified by K.W. v. State, 468 So.2d 368 (Fla. 2d DCA 1985).
*1289 That court’s reasoning, in turn, is apparently based upon a statement by the supreme court, in a somewhat different context, that “for such a tool [simple household tool] to be ‘illegal,’ it must be used as a burglary tool — thus becoming a facet of the burglary, breaking and entering transaction, etc.” Foster v. State, 286 So.2d 549, 551 (Fla.1973), receded from in part, Jenkins v. Wainwright, 322 So.2d 477 (Fla.1975).
As later explained in Ferguson v. State, 420 So.2d 585, 587 (Fla.1982), however: “Possession of a common household item can be illegal when the person possessing it has used it in committing a burglary or has the intent to use it in committing a burglary.”
Since intent may be proved by circumstantial evidence, Jones v. State, 192 So.2d 285, 286 (Fla. 3d DCA 1966) (and here there is also the incriminatory statement), there was sufficient evidence to establish a prima facie case.
REVERSED AND REMANDED.
LETTS and WALDEN, JJ., concur.