BARKETT, Justice.
We have for review State v. Thomas, 508 So.2d 1287 (Fla. 4th DCA 1987), based on express and direct conflict with K.W. v. State, 468 So.2d 368 (Fla. 2d DCA 1985), and Preston v. State, 373 So.2d 451 (Fla. 2d DCA 1979), cert. denied, 383 So.2d 1203 (Fla.1980). We have jurisdiction. Art. V, *709 § 3(b)(3), Fla. Const. We approve the decision below.
Petitioner was arrested after a confidential informant advised police that petitioner had committed a number of burglaries in a particular neighborhood. During surveillance, police saw petitioner jump over a fence and attempt to run away. At the time, petitioner was wearing a pair of socks over his hands and carrying a screwdriver. Petitioner admitted he had entered the area to commit a burglary, but had been arrested before being able to perpetrate the crime.
At trial, the court granted petitioner’s motion to dismiss. The trial court specifically found that without the confession, there was insufficient evidence to establish beyond a reasonable doubt the corpus de-licti of a violation under section 810.06, Florida Statutes (1985), Florida’s burglary tool statute.
On appeal, the Fourth District reversed and held that the totality of the circumstances in this case sufficiently established the corpus delicti independent of petitioner’s confession; and that possessing a screwdriver with intent to commit a burglary, even if the screwdriver was not actually used as a burglary tool, was sufficient for a conviction in this case under section 810.-06. State v. Thomas, 508 So.2d 1287 (Fla. 4th DCA 1987). This petition for review ensued.
This case asks us to determine under what circumstances the state may criminalize the possession of common household items under the burglary tool statute. Our analysis of this problem begins with an examination of the statute and the criminal law theories upon which it rests.
Where a person is accused of possessing “burglary” tools, the state must prove beyond every reasonable doubt not merely that the accused intended to commit a burglary or trespass while those tools were in his possession, but that the accused actually intended to use those tools to perpetrate the crime. The statute is specific on this point:
Whoever has in his possession any tool, machine, or implement with intent to use the same, or allow the same to be used, to commit any burglary or trespass shall be guilty of a felony of the third degree_
§ 810.06, Fla.Stat. (emphasis added). Thus, the statute cripiinalizes the intent to use an item in an illegal way. Mere possession standing alone will not constitute a crime.
This statute poses problems for our courts. First, it raises the difficulty of discerning something intangible — intent— without which there can be no crime. Second, it opens the door for the abusive or pretextual arrest of persons merely found to possess common household items.
Previously we attempted to deal with these problems in Foster v. State, 286 So. 2d 549 (Fla.1973), receded from on other grounds, Jenkins v. Wainwright, 322 So. 2d 477 (Fla.1975), by drawing a distinction between common household items and devices that are per se burglary tools. This conclusion subsequently was embodied in the standard jury instruction. See Fla.Std. Jury Instr. (Crim.), at 138.
However, similar concerns have been raised and answered under the common law theory of attempts, and we believe the problem before us today is better resolved by resort to those principles. Indeed, we conclude that the burglary tool statute actually describes and prohibits a crime in the nature of an attempt.[1] In effect, it criminalizes an attempt to commit a burglary or trespass, which is discerned through the possession of tools or devices coupled with the defendant’s intent to use those tools in the commission of the crime.
Previously, we have held that an attempt exists only when there is
an intent to commit a crime, coupled with an overt act apparently adapted to effect that intent, carried beyond mere prepara *710 tion, but falling short of execution of the ultimate design.
Gustine v. State, 86 Fla. 24, 26, 97 So. 207, 208 (1923). Essentially, we have required the state to prove two general elements to establish an attempt: a specific intent to commit a particular crime,[2] and an overt act toward its commission.[3] That is, the overt act must manifest the specific intent. Under this requirement, the state is barred from prosecuting a person solely because he or she expresses a criminal intent but does not act upon it.[4] We believe the problem confronted in Foster can be resolved by applying these same limitations to the burglary tool statute, without requiring that a distinction be drawn between common and uncommon devices.
Under this analysis, then, the specific intent to commit a burglary or trespass using tools, instruments or machines in the defendant’s possession or control exists when he or she engages in or causes some overt act toward the commission of the burglary or trespass, which goes beyond merely thinking or talking about it. The overt act necessary to prove intent need not be limited to the actual use of an item in committing the trespass or burglary, but need only manifest the specific criminal intent.
We recognize that many cases have attempted to apply the distinction drawn in Foster. E.g., State v. Thomas, 362 So.2d 1348 (Fla.1978); K.W.; James v. State, 452 So.2d 1048 (Fla. 2d DCA 1984); Hubbell v. State, 446 So.2d 175 (Fla. 5th DCA), petition for review denied, 453 So.2d 44 (Fla.1984); Frame v. State, 388 So.2d 1381 (Fla. 2d DCA), dismissed, 394 So.2d 1152 (Fla.1980); Preston; Crosby v. State, 352 So.2d 1247 (Fla. 2d DCA 1977).
However, we find that this distinction has injected unnecessary confusion into the legal issues at hand. It requires the trial court to determine at the outset whether a particular tool or device is “common” or not, and to give a different jury instruction depending upon this determination. See Fla.Std. Jury Instr. (Crim.), at 138. If a tool is considered “common,” for instance, the jury instructions require actual proof that the tool was used to commit a burglary or trespass. On the other hand, if the tool is regarded as “not a common tool,” the jury instructions only require the state to prove a fully formed criminal intent without specifying how such intent is to be established. Id.
What constitutes a burglary tool often cannot be determined from a particular tool or device’s innate characteristics, but only from the context in which it is to be used. This is to say no more than that the intent must be gleaned from the totality of the circumstances in each case. Certainly, there will be instances in which a tool or device is so peculiarly adapted to the commission of a burglary or trespass as to render the state’s burden of proof relatively easy to meet. On other occasions, because of common household-usage of the tool or device, the state might not be able to shoulder its burden of proving beyond a reasonable doubt the intent to commit a felony.
We do not believe any purpose is served by requiring the trial court to determine as a matter of law whether specific tools per se are “common” or not. The only real issue is whether the actions of the accused showed he or she was preparing to use the tool to commit a burglary or trespass. Thus, we recede from Foster and its progeny to the extent that they established different standards for common and uncommon tools or devices or otherwise are inconsistent with this opinion.
*711 We now apply these principles to the facts of this case.
Although it is true that corpus delicti cannot be established solely by resort to a confession, Hodges v. State, 176 So.2d 91 (Fla.1965), the existence of additional substantial direct or circumstantial evidence of a violation is enough to allow the case to go to a jury trial. Harris v. State, 72 Fla. 128, 72 So. 520 (1916); Tucker v. State, 64 Fla. 518, 59 So. 941 (1912); Holland v. State, 39 Fla. 178, 22 So. 298 (1897). To warrant trial, corpus delicti need not be proven beyond a reasonable doubt, but merely by evidence tending to show that a crime has been committed. See Stone v. State, 378 So.2d 765, 771 (Fla.1979), cert. denied, 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed.2d 250 (1980). We believe there is sufficient evidence establishing corpus delicti to warrant a trial by jury in this case.
Here, the accused was identified by a confidential informant, and was arrested in a frequently burglarized neighborhood while wearing socks on his hands, carrying a screwdriver, and attempting to jump a fence and run away. Even without the confession, this is sufficient evidence of criminal intent to establish prima facie the corpus delicti of a violation under section 810.06. Petitioner’s activity in the particular neighborhood in question constitutes an overt act from which the requisite intent might be inferred by a jury of reasonable men and women. Once the corpus delicti is established, the state is entitled to introduce the confession, subject to any applicable constitutional restrictions, to meet its burden of proof.
We thus approve the opinion of the district court. To the extent that they conflict with this opinion, we disapprove K.W. v. State, 468 So.2d 368 (Fla. 2d DCA 1985), James v. State, 452 So.2d 1048 (Fla. 2d DCA 1984), Hubbell v. State, 446 So.2d 175 (Fla. 5th DCA 1984), Frame v. State, 388 So.2d 1381 (Fla. 2d DCA 1980), Preston v. State, 373 So.2d 451 (Fla. 2d DCA 1979), and Crosby v. State, 352 So.2d 1247 (Fla. 2d DCA 1977). Because our decision in State v. Thomas, 362 So.2d 1348 (Fla.1978), reached a result in harmony with this opinion, we adhere to that decision.[5]
It is so ordered.
EHRLICH, C.J., and OVERTON, MCDONALD, SHAW and GRIMES, JJ., concur.
KOGAN, J., concurs in result only.

. This conclusion is consistent with our prior holding in State v. Thomas, 362 So.2d 1348 (Fla.1978), in which we concluded that there could be no such crime in Florida as attempted possession of burglary tools.

. Obviously, care must be exercised when the evidence of the requisite intent is circumstantial. In such instances, the state must prove that the evidence is inconsistent with any reasonable hypothesis of innocence. McArthur v. State, 351 So.2d 972, 976 & 976 n. 12 (Fla.1977); Davis v. State, 90 So.2d 629 (Fla.1956); Mayo v. State, 71 So.2d 899 (Fla.1954); Head v. State, 62 So.2d 41 (Fla.1952).

. This common law requirement has been codified at section 777.04(1), Florida Statutes (1987).

. This conclusion, for instance, lies at the root of our case law requiring that the state prove corpus delicti by more than just the defendant’s confession. E.g., Hodges v. State, 176 So.2d 91 (Fla.1965).

. Thomas stated that:
No crime is committed until the [tools] are in the actual or constructive possession of a person who is using or attempting to use the objects as burglary tools.
362 So.2d at 1350 (emphasis added). This essentially is the holding we reach today.