RAMIREZ, J.
Damion L. Burst appeals his conviction for armed robbery and an oral order violating his probation. We affirm the denial of his motion for a mistrial because the trial court did not abuse its discretion where Burst opened the door to the prosecution’s argument.
Following an armed robbery at the Frontier Bar, the victim gave a description of his assailants to police and a BOLO was issued. Two blocks away, an officer encountered two individuals who fit the BOLO description. The individuals ran into an empty lot when they saw the officer. A few minutes later, and a block away, another officer encountered Burst out of breath. The victim identified Burst as the gunman.
At his trial, Burst testified that he ran from the first officer because he was in possession of a “bag of weed” in violation of his probation. He did not run from the second officer because he had gotten rid of the “weed.”
Burst also testified as to his prior felony convictions as an affirmation that he was telling the truth about the robbery.
Defense counsel: Did you rob LeFrance Frazier?
Burst: No, I didn’t.
Defense counsel: Is that true?
Burst: Yes, that is the truth.
Defense counsel: Have you ever been convicted of a crime?
Burst: Yes.
Defense counsel: How many times?
Burst: Four times.
Defense counsel: What was that for?
Burst: Two counts of possession of cocaine and two grand thefts.
Defense counsel’s question as to prior convictions “of a crime” was broader than allowed under section 90.610(1), Florida Statutes (2000), which only permits impeachment through felony convictions or misdemeanors involving dishonesty or a false statement. See Brown v. State, 787 So.2d 136, 139 (Fla. 4th DCA 2001). This was further compounded by eliciting testimony regarding the nature of the convictions, which would have been improper cross-examination. See Cummings v. State, 412 So.2d 436, 438 (Fla. 4th DCA 1982). Defense counsel thus opened the door to otherwise inadmissible evidence.
During cross-examination, Burst clarified that those were not all the crimes for which he had been convicted, but that *1109 those were all the felonies. The prosecutor elicited Burst’s testimony that one of the possession convictions was for possession with intent to sell, and one of the grand theft convictions was for grand theft auto.
During closing arguments, the defense counsel attacked the reliability of the victim’s identification. The prosecutor then attacked Burst’s credibility by highlighting his conviction for grand theft auto as not being “just that he stole something from Burdines ... [that he] just stuffed a bunch of stuff in a bag,- no. He went up to somebody’s car and he broke in and he stole it.” Burst argues that he should have been granted a mistrial because the prosecutor’s remarks introduced facts not in evidence and that the remarks were aimed at demonstrating Burst’s propensity to commit the crime. We disagree.
Burst opened the door when he testified as to the nature of his prior convictions, thus allowing the prosecutor to inquire as to the details. See Mosley v. State, 739 So.2d 672, 676 (Fla. 4th DCA 1999). When viewed in context, the prosecutor’s remarks about grand theft auto being different than shoplifting at Bur-dines were aimed at attacking Burst’s credibility and were not meant to show a propensity to commit crimes. Attacks upon the defendant’s credibility are entirely proper. See Wilkins v. State, 383 So.2d 742 (Fla. 4th DCA 1980). See also State v. Murray, 443 So.2d 965, 957 (Fla.1984) (the credibility of the defendant as a witness was subject to attack in closing argument where he took the stand to deny culpability and prosecutor’s comments, although pungent, were harmless error). Although the prosecutor’s remarks may have gone too far in arguing that Burst broke into a car, this isolated reference did not vitiate the entire trial so as to require a mistrial.
However, we do agree, and the State properly concedes, that the violation of probation determination must be remanded so that the trial court may enter a written order specifying which conditions of probation were violated. See Widmer v. State, 697 So.2d 545 (Fla. 1st DCA 1997); Greer v. State, 831 So.2d 1261(Fla. 2d DCA 2002).
Affirmed in part, remanded so that written order violating probation may be entered.