PER CURIAM.
In this Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), appeal, Mr. Bowers challenges his convictions for grand theft, a second-degree felony requiring a theft of more than $20,000, see § 812.014(1), (2)(b), Fla. Stat. (2000); and burglary of an unoccupied structure, a third-degree felony, see § 812.02(4)(a), Fla. Stat. (2000); and his consecutive sentences of fifteen and five years’ imprisonment. After a thorough review of the record, we conclude that the only issue of arguable merit is whether Mr. Bowers’ trial counsel provided ineffective assistance in a manner that can be conclusively determined from the face of the record. See, e.g., Forget v. State, 782 So.2d 410 (Fla. 2d DCA 2001). Although we question trial counsel’s decision to elicit testimony from Mr. Bowers regarding the details of his prior convictions, we conclude that any claim of ineffective assistance of counsel is more appropriately raised in a postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We therefore affirm the judgments and sentences without prejudice to Mr. Bowers’ right to raise this issue in a properly filed motion for post-conviction relief, if appropriate.
ALTENBERND, C.J., and FULMER and WALLACE, JJ., Concur.