DAVIS, Judge.
Russell Bowers appeals the trial court’s denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Bowers alleged five grounds of ineffective assistance of trial counsel. We affirm the trial court’s order on four of the grounds without discussion but reverse as to one issue.
Bowers was charged with burglary of a structure and grand theft. Following conviction after a jury trial, Bowers was sentenced to fifteen years in prison for the grand theft and to a consecutive five-year term for the burglary. This court affirmed his conviction and sentence, noting that “the only issue of arguable merit is whether Mr. Bowers’ trial counsel provided ineffective assistance in a manner that can be conclusively determined from the face of the record” and concluding that any ineffectiveness claims were “more appropriately raised in a [rule 3.850 motion].” Bowers v. State, 850 So.2d 617, 617 (Fla. 2d DCA 2003).
Accordingly, Bowers alleged in his post-conviction motion that his trial counsel had rendered ineffective assistance by eliciting numerous details of Bowers’ prior criminal record during his direct examination of Bowers. Most of these details concerned *1200 matters about which the State would not have been entitled to inquire. At the post-conviction evidentiary hearing, trial counsel testified that Bowers’ credibility had been at issue at trial. The State had presented Joe Boyer, who was originally supposed to be Bowers’ alibi witness but who ultimately accused Bowers of the crimes. As such, the question of Bowers’ guilt came down to whom the jury believed — Bowers or Boyer.
Trial counsel suggested at the postcon-viction hearing that it was his trial strategy to have Bowers admit all the details of his criminal record in the hope that such candid testimony on these matters would influence the jury to accept his testimony regarding the burglary and grand theft. The postconviction court accepted this explanation and denied Bowers’ rule 3.850 motion, finding that trial counsel’s actions were reasonable strategic decisions that are not subject to collateral attack. We disagree.
To obtain postconviction relief for ineffective assistance of trial counsel, Bowers must allege and show that trial counsel’s performance was deficient and that such deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish ineffective assistance when the issue involves a strategic decision made by trial counsel, the movant must show that the strategy was “unreasonable.” Florida v. Nixon, 543 U.S. 175, 189, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004). To be reasonable, the strategy must be based on informed professional judgment. Wiggins v. Smith, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). “There is a strong presumption of reasonableness that must be overcome, and strategic or tactical decisions by counsel made after a thorough investigation are ‘virtually unchallengeable.’ Downs [v. State, 453 So.2d 1102, 1108 (Fla.1984) ]. Nevertheless, ‘patently unreasonable’ decisions, although characterized as tactical, are not immune. Roesch v. State, 627 So.2d 57, 58 n. 3 (Fla. 2d DCA 1993).” Light v. State, 796 So.2d 610, 616 (Fla. 2d DCA 2001).
In our review, we must defer to the trial court’s factual findings that are supported by competent, substantial evidence. Id. at 615. However, the legal conclusions of the trial court are reviewed de novo. Id. Here, the trial court’s order determined as a matter of fact that Bowers’ counsel’s decision to question Bowers regarding his prior criminal convictions amounted to trial strategy. Because this finding is supported by trial counsel’s post-conviction hearing testimony, the issue we must resolve is whether the trial court erred in determining that the strategy was reasonable.
At the beginning of his direct examination of Bowers, trial counsel inquired into Bowers’ prior convictions. Answering his attorney’s specific questions, Bowers informed the jury that he had been convicted of breaking and entering when he was nineteen and of receiving stolen property when he was twenty-three. He further admitted that at the time of the trial, he was on probation for possession of marijuana. Upon the completion of direct examination, the prosecutor requested a bench conference to advise Bowers’ counsel that he had omitted two convictions for carrying a concealed firearm. The trial court granted defense counsel’s request to reopen the direct examination, at which time Bowers told the jury that he had been convicted in Michigan on concealed firearm charges and that he had been adjudicated a habitual offender. In response to counsel’s questioning, Bowers also testified that he had been sentenced to time served on the breaking and entering charge; trial counsel then specified that time served was thirty days in county jail.
*1201 During cross-examination, the Assistant State Attorney went into further detail, obtaining Bowers’ confirmation that he had four prior felony convictions and one misdemeanor conviction. The prosecutor then characterized the breaking and entering charge as a burglary. Although Bowers did not agree, the prosecutor showed him a copy of the charge, which read “breaking and entering building with the intent to commit larceny.” Bowers then admitted that he had been to prison on some of the charges. Bowers’ counsel did not object to any of these questions.
By taking the stand to testify, Bowers’ prior criminal record became subject to disclosure. See § 90.610, Fla. Stat. (2000). However, absent trial counsel’s direct examination, that disclosure would have been limited to the number of felony convictions or convictions for misdemeanors involving dishonesty or false statement. See Burst v. State, 836 So.2d 1107, 1108 (Fla. 3d DCA 2003). In fact, it is accepted strategy for defense counsel to elicit this limited information from a defendant on direct examination in an attempt to “steal the thunder of the impeachment” away from the State by preventing it from inquiring into these matters on cross-examination. Lawhorne v. State, 500 So.2d 519, 521 (Fla.1986).
However, the information that Bowers’ counsel elicited from Bowers far exceeded that which the jury was entitled to know. Had trial counsel not volunteered the information, the nature of the charges would not necessarily have been admissible. See Livingston v. State, 682 So.2d 591 (Fla. 2d DCA 1996) (stating that a prosecutor may not cross-examine a defendant about the specific nature of his or her prior convictions if the defendant correctly answers the prosecutor’s questions as to the number of the defendant’s prior convictions resulting from the commission of any felonies or any misdemeanors involving dishonesty or false statement). By informing the jury that Bowers had been convicted of grand theft and breaking and entering, trial counsel impugned his client’s credibility in front of the jury. See Dodson v. State, 356 So.2d 878, 879 (Fla. 3d DCA 1978) (“Crimes [involving theft] as distinguished from acts of violence ‘are universally regarded as conduct which reflects adversely on a man’s honesty and integrity.’ ” (quoting Gordon v. United States, 383 F.2d 936 (1967))). Furthermore, once trial counsel introduced the breaking and entering charge, the prosecutor was able to successfully characterize it as a burglary charge — a characterization that was highly damaging to Bowers, who was on trial for burglary.
In that there was no physical evidence linking Bowers to the instant crime, and in that the State’s case rested solely on Boyer’s testimony, informing the jury of Bowers’ prior convictions on similar offenses was prejudicial to Bowers’ defense and, as such, was not a reasonable defense strategy. Likewise, informing the jury that Bowers had been previously designated as a habitual offender, a fact that would not have otherwise been known by the jury, prejudiced Bowers’ integrity with the jury by making it clear that Bowers had previously served time in prison. Finally, the jury never would have been advised of Bowers’ misdemeanor conviction for marijuana possession or of the fact that he was on probation for that charge at the time of the trial had trial counsel not volunteered the information. Such knowledge would hardly enhance Bowers’ credibility with the jury.
Even if we were to conclude that counsel’s strategy of being completely candid about Bowers’ prior record was somehow reasonable, counsel’s execution of the strategy defeated the intent. The plan was that Bowers’ candor regarding these prior convictions would impress the jury to *1202 such an extent that it would accept the remainder of his testimony at trial as true. However, because counsel did not properly prepare for the examination by determining all the details prior to trial, he created the opposite perception. At the outset of the direct examination, the jury watched as counsel asked Bowers about his prior convictions. At the end of Bowers’ direct examination, the prosecutor requested a bench conference. Following this bench conference, counsel came back to ask Bowers additional questions regarding his criminal record, eliciting that Bowers also had been convicted on concealed weapons charges and had been sentenced as a habitual offender. Because counsel did not set forth for the jury Bowers’ complete criminal history in his attempt to make Bowers appear candid, he actually made it appear as if Bowers intentionally had tried to omit this additional information. Additionally, trial counsel inquired about the jail time and probation that Bowers had served but did not ask about prison time. By allowing this information to be introduced on cross-examination, rather than on direct examination, counsel created the perception that Bowers was not totally forthcoming about his prior history.
As such, we conclude that counsel’s strategy to bolster his client’s credibility with candor was “patently unreasonable.” See Light, 796 So.2d at 616. Accordingly, Bowers has demonstrated ineffective assistance of counsel under Strickland, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and is entitled to his requested postconviction relief.
Reversed and remanded for a new trial.
SILBERMAN, J., and THREADGILL, EDWARD F., Senior Judge, Concur.