# Third District Court of Appeal

## State of Florida

Opinion filed December 20, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1373
Lower Tribunal No. 16-544B
_____

**T.M., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before EMAS, LOGUE and SCALES, JJ.

PER CURIAM.

T.M. was placed on probation for the delinquent act of petit theft.

Thereafter, a petition was filed, alleging T.M. committed several violations of her

probation. A probation violation hearing was held and, following the hearing, the trial court orally pronounced T.M. to have violated her probation, and imposed a new term of probation with conditions. The only issue raised in this appeal is that the trial court failed to enter a written order setting forth what conditions of probation were violated by T.M.

As the State concedes in its answer brief, the law is well-settled: if the trial court revokes a juvenile's probation, the court is required to render a written order setting forth the conditions of probation that were violated. If no such written order was rendered, it is appropriate to remand the case to the trial court for entry of an appropriate order. See A.T.J.F. v. State, 78 So. 3d 57, 57 (Fla. 4th DCA 2012) (concluding that "the record contains only disposition orders, so we remand to the trial court for entry of a written order of revocation of probation specifying the conditions appellant was found to have violated"); M.A.L. v. State, 110 So. 3d 493 (Fla. 4th DCA 2013). See also Burst v. State, 836 So. 2d 1107 (Fla. 3d DCA 2003); Robinson v. State, 74 So. 3d 570 (Fla. 4th DCA 2011).

The State contends this appeal is moot because the trial court did in fact enter a written order following T.M.'s probation violation hearing. However, the written order referred to by the State merely imposes a new term of probation and new (or renewed) conditions; it fails to set forth what conditions of the original probation were violated by T.M.

2

We therefore affirm but remand to the trial court for the sole purpose of rendering a written order specifying the conditions of probation it found were violated by T.M.